### JAMES C. WALKER v. J. D. B. COLE.

No. 291.—Decided March 16, 1896.

**1. Practice on Appeal.**

Plaintiff relied upon two issues, either one, if sustained, authorizing a judgment in his favor. The record showed that testimony was produced in support of both issues. The case was tried without a jury and there is no finding of facts or of law by the trial judge, so that it does not appear upon which issue the judgment was rendered. In such case errors as to one only of the issues are no ground for reversal. It must be shown that the judgment could not be sustained upon either issue. (P. 326.)

**2. Sufficiency of Testimony in Supreme Court.**

There being some evidence to sustain the issue as found by the Court of Civil Appeals supporting the judgment, this court has no jurisdiction to determine whether the judgment is supported by the evidence as contained in the record. (P. 328.)

**3. Assignment of Error—Motion for Rehearing.**

Plaintiff in error complained "that the Court of Civil Appeals erred in its application of the law to the facts of the case, even admitting that such an agreement was made." This was not made in motion for rehearing and cannot be considered an error. When not attacked by motion for rehearing the conclusions of fact and law by the Court of Civil Appeals will be held conclusive by this court. (P. 328.)

Error to Court of Civil Appeals for Third District in an appeal from McLennan County.

This suit was brought by Cole to recover the land in question, and he based his right of recovery on two grounds: 1. On the equitable ground that he had the right to rescind the contract of purchase without defendant's consent, and recover possession of the land, the contract of sale being executory and wholly on credit, because there had been default in the payment of the purchase money, which was long since past due; that defendant was insolvent and was, for that reason, unable to pay for the land, and, in addition, he had frequently and deliberately broken his promises to pay for the land, and that it was his design to hold on to the land, cut all the valuable timber off the land, and finally return it without payment; that he had erected no improvements on the land, of any consequence; was not a possessor in good faith, and if said improvements were of any value they were more than offset by use and occupancy, etc. 2. That sometime prior to the spring of 1871, defendant being then in default of the payment of the purchase money, not having then or at any time paid any part of it, agreed with plaintiff's vendor, Chism, that if he did not pay all or a considerable portion of the purchase money by or during the spring of 1871, he would surrender the land to Chism, and give him no more trouble in the matter. This two-fold case is combated by defendant with a general denial and pleas of purchase under bond for title, extension of time of payment, erection of valuable improvements, payment of part of the purchase money, sale by Chism to plaintiff, without notice to defendant, and excuses for non-payment, consisting of two outstanding titles against the land, and refusal to pay the notes in the spring of 1871 to one Barron, agent for Chism, because he had no power of attorney, and because the notes were not endorsed. No facts were pleaded in confession and avoidance of the contract of rescission. The case was tried before the court, without a jury, and much evidence was adduced on both sides,—by plaintiff to establish both his equitable right to rescind without consent, and his legal right to recover the land, growing out of the contract of rescission.

The court below found generally in favor of plaintiff, but gave no judgment except for a recovery of the land and costs. Defendant appealed, but did not have the court below to file its conclusions of fact and law. The Court of Civil Appeals concurred in the opinion of the lower court, and in all things affirmed its judgment.

Among the conclusions of fact by the Court of Civil Appeals is the following:

"We understand the rule to be, when a case is tried before the court without a jury and no conclusions of fact are filed, that if there is evidence to support any theory that will sustain the judgments, although there may be much testimony (and possibly a preponderance thereof) to the contrary, the Appellate Court will sustain the judgment. In view of

this rule, and as there is testimony in the record to support such finding, we therefore find that after said notes fell due Estell agreed with Chism that if he did not pay all or a considerable portion of the amount due on said notes by or during the spring of 1871, and Chism would not sue him in the meantime, he would surrender the land to Chism and abandon the contract for its purchase. And the testimony shows that no suit was brought, and nothing was paid on the notes within the time contemplated by said agreement."

Other facts are given in the opinion as well as in the reports of former appeals. See Estell v. Cole, 52 Texas, 170; Estell v. Cole, 62 Texas, 703; Walker v. Cole, 5 Texas Civ. App., 179.

*M. Surratt,* for plaintiff in error.

*Jones, Kendall & Sleeper* and *L. W. Campbell,* for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—January 15, 1867, John Chism executed to Jesse Estell a bond for title obligating the former to convey to the latter the land in controversy upon the payment of three notes of even date with the bond, due in one, two and three years after date, executed by the latter to the former as the consideration therefor. Estell having made no payment on the notes, Chism, after the maturity of all of them, conveyed the land on August 14, 1871, by warranty deed to J. D. B. Cole, and at the same time delivered to Cole said notes, and thereupon Cole demanded possession of the land from Estell and tendered to him his said notes, all of which was refused by Estell.. Thereafter on August 26, 1871, Cole filed this suit against Estell to recover said land, and pending the litigation J. C. Walker, having purchased the interest of Estell, was allowed to make himself party defendant in lieu of Estell. The pleadings of plaintiff upon which the cause was tried show that he sought to recover the land upon two distinct grounds: (1) He sought to cancel the bond for title and recover the land on the ground that Estell, though often demanded, had never paid and never intended to pay any part of the purchase money, but designed to hold possession of the property and defraud Chism of the use of the same and profits thereof until he could be ejected by law or could invent some pretext by which he could entirely escape the payment of the purchase money and still retain the land, Estell's delay in paying the purchase money not being the result of any apprehension on his part•of the validity of Chism's title, but of his said fraudulent purpose to obtain and keep the land without paying therefor, all improvements made by him being of much less value than the rents, profits and timber taken therefrom. (2) He sought to recover the land upon the ground that after the notes became due Estell agreed with Chism that if he did not pay all or a considerable portion of the purchase money by or during the spring of 1871 he would surrender the land to Chism and abandon the said contract for purchase; that he did not make any payment by or during the spring of 1871, and thereupon, in accord-

ance with such agreement, Chism rescinded the contract and sold the land to plaintiff Cole as aforesaid on the 14th day of August, 1871, whereupon plaintiff demanded the property from Estell and tendered him said notes, all of which Estell refused.

Thus we see that plaintiff's first ground of recovery was based upon his equitable right to rescind the original contract of sale entered into between Chism and Estell, and his second ground of recovery was based upon an independent agreement entered into between Chism and Estell, whereby the latter agreed to surrender the land and abandon the contract of sale if he did not make payment at a certain time. Each of these grounds of recovery is independent of the other, and plaintiff introduced evidence in support of each on the trial.

On the trial of the cause in the court below, before the court without a jury, judgment was rendered for plaintiff against defendant Walker for the land, and the Court of Civil Appeals having affirmed such judgment, said defendant as plaintiff in error has brought the cause to this court by writ of error.

There is a statement of facts in the record showing, as above stated, that plaintiff introduced evidence in support of each ground of recovery set up in his petition, but there is no finding of law or fact by the trial court in the record. Therefore it cannot be determined upon which ground of recovery set up in plaintiff's petition the trial court rendered judgment. The only assignment of error presented in the Court of Civil Appeals by plaintiff in error questioning the correctness of the judgment of the trial court upon the merits of the case is as follows:

"11th. The court erred in rendering judgment for the plaintiff because contrary to the law and evidence in this:

'1st. There is no legitimate evidence that the contract was ever abandoned by Estell.'

'2nd. It is shown without contradiction or denial that Estell had bought the land from Chism, was in possession of it under a bond for title with a clause of general warranty, had paid part of the purchase money and made large and valuable improvement and that Chism had represented to him, when he purchased, that the title was clear of all adverse claims and free from encumbrances and that Estell relied on these representations in buying; and that it was further shown that said representations were false, and that there existed at that time, unknown to Estell, serious adverse claims to Chism's title to the land, which facts were sufficient to excuse the non-payment of the purchase money notes by Estell and prevent a forfeiture, and hence Chism could not rescind his trade with Estell, as held in this case in 52 Texas, 177, and 62 Texas, 695.

'3d. It is shown without contradiction or denial that Chism indulged the non-payment by Estell of the purchase money notes for eighteen months after the maturity of the last note, without demanding any forfeiture of the contract, and that the contract was reaffirmed by him, when the notes were last presented for payment, more than a year after the maturity of the last one, and on this evidence, it was held in 62 Texas

that Chism thus waived his right to declare the contract forfeited without giving Estell notice of said intention, and that shortly after the notes were last presented and the contract reaffirmed, without giving any previous notice to Estell, Chism sold the land to plaintiff.

'4th. It is shown that Chism never rescinded the contract with Estell, did not want the land back at all, and held Estell's notes as valid, binding obligations up to the very moment he sold to plaintiff Cole, who bought with full knowledge of Estell's rights.' "

Neither subdivision of this assignment attempts to question the correctness of the judgment of the trial court if based upon the second ground of recovery set up in the petition, but they all attack it upon the supposition that it was based upon the first ground of recovery set up therein.

The Court of Civil Appeals were of the opinion that the judgment of the trial court was justified by the evidence adduced in support of the second ground, and therefore held that it was unnecessary to consider said assignment, which did not relate thereto, saying:

"We deem it unnecessary to discuss this branch of the case, because, if it be conceded that Estell's equities were such as that Chism could not, in the absence of a subsequent agreement authorizing him so to do, arbitrarily and without Estell's consent declare the contract forfeited and recover the land, still, if, after the notes fell due, an agreement was entered into between Chism and Estell, by the terms of which, upon a failure within a given time to pay the notes, in whole or in part, Estell was to surrender the land and abandon his contract of purchase, and if he failed to make any payment whatever within the time agreed upon, then Chism had the right to insist upon a rescission of the contract and recover possession of the land; and whatever right Chism had in this respect was vested in appellee by Chism's deed conveying the land to him."

This conclusion of the Court of Civil Appeals, that they could not consider said assignment, was clearly correct, for if in their opinion there were two grounds upon either of which the court below might have rested its judgment, and the record did not show upon which it was really placed by the trial judge, they could not properly have disturbed same, when it was not shown by proper assignments of error that the judgment could not be supported on either ground.

Therefore, if it had been conceded in the Court of Civil Appeals that plaintiff showed no right to recover on the first ground, or that errors were committed in the admission or rejection of evidence upon such issue, still there would have been no reason for reversing the judgment, under their finding that the agreement set up as the second ground of recovery was in fact made. This agreement was an independent contract made several years after the original contract, and plaintiffs' right to recover thereunder was of a legal nature dependent upon its existence and breach, and was in no wise complicated by the many nice questions arising under the first ground where the vendor sought, without any special agreement providing therefor, to rescind the original contract of sale and recover against the vendee claiming equities.

Plaintiff in error assigns as error here that the Court of Civil Appeals erred in finding the facts alleged by plaintiff as his said second ground of recovery, and says that "the same is not supported by the evidence as contained in the record, but is contrary thereto." It is contended by defendant in error that this assignment only raises the question of the sufficiency of the evidence which is a question of fact of which this court has no jurisdiction, and that it does not raise the question of law as to whether there is any evidence in support of such finding. We are inclined to agree with this contention, but do not find it necessary to so decide, for the record contains the testimony of several witnesses to the effect that Estell told them that he had made such an agreement with Chism while he was trying to raise the means to comply therewith. There being some evidence upon the question we have no jurisdiction to inquire as to its sufficiency, but must accept the finding of the Court of Civil Appeals of the existence of such agreement as conclusive.

Plaintiff in error also assigns as error here, "that the Court of Civil Appeals erred in its application of the law to the facts of this case, even admitting that such an agreement was made." Defendant in error contends that this assignment cannot be considered,—first, because it does not point out in what particular the Court of Civil Appeals erred in the application of the law; and, second, because plaintiff in error did not, by motion for rehearing in the Court of Civil Appeals, question any conclusion of law reached by said court in reference to the effect of such agreement upon plaintiff's right to recover. The only ground of motion for rehearing in said court which plaintiff in error claims raised the question is as follows: "9. I submit that the court erred in applying the law to the facts of this case as set out under appellant's eleventh assignment of error." The "eleventh assignment of error" is set out in full above and shows on its face that the facts therein stated have no reference whatever to the agreement alleged as plaintiff's second ground for recovery. We think it therefore clear that the conclusions of law found by the Court of Civil Appeals as giving plaintiff a right to recover under such agreement were not called in question by plaintiff in error by motion for rehearing in that court, and therefore his assignment of error calling in question the correctness of such findings cannot be considered here. We must therefore, for the purpose of this writ of error, accept as conclusive the findings by the Court of Civil Appeals, both of fact and of law, as to the existence of such agreement and its effect on plaintiff's right to recover.

The same reasons, stated by us above as justifying the Court of Civil Appeals in refusing to consider the eleventh assignment of error above set out, preclude our considering same or any assignment of error based thereon; for it is clear that no error of law can be predicated here upon the action of the Court of Civil Appeals in reference to such assignment when it could not have properly reversed the case thereon. This disposes of all the questions raised in the application for writ of error which we deem worthy of consideration. After repeated and careful consideration of

this record we are of the opinion that the judgment of the Court of Civil Appeals and of the District Court should be affirmed, and it is so ordered.

*Affirmed.*

March 16, 1896.