## H. D. LINDSLEY v. W. T. PARKS.

### Decided December 8, 1897.

#### 1. Immaterial Error—Amendment.

An amendment of pleading seeking foreclosure of a mechanic's lien which merely stated the value of the house and of the lot separately, both being subject to the lien, was immaterial and not prejudicial to the adversary, though made after announcement for trial.

#### 2. Same—Continuance.

The refusal of an application for continuance to procure testimony to meet such amendment was proper, the issue presented thereby being immaterial.

#### 3. Trial By Court—Absence of Findings of Fact.

Where a case is tried without a jury and without the filing of conclusions of law and fact by the judge, appellant who attacks the judgment must assign error as to every issue which there is testimony tending to support and which would warrant a finding against him, or be concluded thereby.

#### 4. Costs.

Defendant who resists foreclosure of a mechanic's lien as a claimant of the property, though not liable personally for the debt, is liable for costs of suit if unsuccessful.

APPEAL from Llano. Tried below before Hon. W. M. ALLISON.

*D. A. McFall*, for appellant.—The court erred in overruling defendant's first special exception to plaintiff's petition, for the reason that the said petition contained no allegation to the effect that the contract of building alleged to have been entered into between Parks and Tippie had been recorded, nor that any sworn account or bill of particulars containing the substance thereof had been placed of record. Cameron v. Marshall, 65 Texas, 7; Lee v. Phelps, 54 Texas, 367; Tinsley v. Boykin, 46 Texas, 598; Implement Co. v. Light Co., 74 Texas, 605; Elevator Co. v. Maverick, 30 S. W. Rep., 437.

The court erred in overruling appellant's second special exception to plaintiff's petition, for the reason that it appeared from said petition that defendant, at the time of trial of this case, was the owner by purchase under a deed of trust duly recorded and foreclosed, and it was incumbent upon the plaintiff to have protected himself at such foreclosure sale, or to have had the same delayed until the conflicting equities could have been adjusted; and it is nowhere alleged that the trustee or substitute trustee, under whom this defendant holds, had any notice whatsoever of the lien attempted to be asserted against this property by this plaintiff.

The court erred in allowing the plaintiff to file his trial amendment over the objection of defendant, for the reason that it was too late to file amendments to pleadings, and for the reason that the announcement of ready was not withdrawn in order to allow such trial amendment to be filed.

The court erred in overruling defendant's application for a continuance, for the reason that defendant was unprepared to meet by allegation and proof the new matter set up by the plaintiff in his trial amend-

ment. Radam v. Microbe Destroyer Co., 81 Texas, 129; Grimes v. Watkins, 59 Texas, 137; Railway v. Henning, 52 Texas, 466; Cowan v. Williams, 49 Texas, 397.

Defendant Lindsley not being a party to the contract, the mechanic's lien could not be asserted against him or his interest in the property unless the contract had been filed for record, or a copy thereof, or a sworn account or bill of particulars containing the substance thereof had been filed and recorded as the law required.

As to the lots upon which the building was erected, the lien could not be asserted.

The court having found that the defendant Lindsley was not personally liable, he should not have been adjudged to pay costs.

As the defendant bought the property in question at a foreclosure sale, under a deed of trust given to secure the payment of vendor's lien notes on the lots, it was not competent to render a judgment against him for his interest in the property.

As the defendant Lindsley purchased the property in controversy at a foreclosure sale during a period of time when the filing of the contract of building was a condition precedent to the assertion and maintenance of the lien, he would be entitled to have his rights adjudicated in accordance with the law as it then was.

If the appellee was entitled to his lien and could not remove the building, and was thereby entitled to have the property sold as a whole, he would not have been entitled to any part of the proceeds of such sale until the appellant was paid the amount for which he held the vendor's lien. If the foregoing is not true, then the proceeds derived from the sale of the house and lots would be community funds, and to the extent brought by the lots would be subject first to the senior lien of appellant and next to the junior lien of appellee; and as to the amount brought by the house, would be subject first to the senior lien of appellee and next to the junior lien of appellant, and appellee would have been entitled to his pro rata share of the proceeds, to be estimated according to the respective values of the house and lots, and to no more. Bank v. Hotel Co., 34 S. W. Rep., 731.

*W. T. Parks,* for appellee.—The contractor's lien for improvements is constitutional, and can not be lost by failure to record his contract under which the improvement was made. Const., art. 16, sec. 37; Parks v. Tippie, 34 S. W. Rep., 676.

If, after the filing of the amendment, defendants were not prepared to go to or to continue the trial, they should have made a proper application and showing for continuance, without which they can not be heard to complain of the filing of the amendment.

KEY, ASSOCIATE JUSTICE.—Appellee W. T. Parks instituted this suit against Charles Tippie and appellant Henry D. Lindsley, to recover for material and labor used in the construction of a residence on lots Nos.

15 and 16 in block 136 in the Llano Improvement and Furnace Company's addition to the town of Llano, and to foreclose a mechanic's lien on said property.

Appellee's petition embraced two theories: one that he had a contract with both Tippie and Lindsley for the construction of the house; and the other, that, if Lindsley was not a party to the contract, he was estopped, by representations made to appellee, from denying that the lots belonged to Tippie and were free from any claim of his.

Tippie made no defense. Lindsley denied that he had made any contract with appellee, set up the fact that he had previously sold the lots to Tippie, retaining a vendor's lien secured by a deed of trust on the lots; that afterwards the trustee had sold the lots, and he, Lindsley, became the purchaser.

The court rendered judgment in favor of appellee against Tippie for the amount of his debt, and against both Tippie and Lindsley for a foreclosure of his mechanic's lien and for costs. Lindsley has appealed.

The case was tried without a jury, and no conclusions of fact and law were filed. The testimony shows that in the summer of 1892 Parks and Tippie entered into a contract for the erection of a building as alleged in plaintiff's petition; that the plaintiff furnished the material and built the house in accordance with the contract, and that Tippie owed the plaintiff a balance due therefor of $613.43 at the time the case was tried. It was also shown that the written contract remained in the possession of Tippie, and appellee was unable for that reason to file it for record, but that he instituted this suit within four months after the debt was due. It was further shown that, about the time the contract was made, Lindsley, who had previously owned the lots, executed a deed conveying them to Tippie, reserving a vendor's lien to secure certain unpaid purchase money for the lots. That at the same time Tippie executed a deed of trust conveying the lots to Philip Lindsley as trustee, to secure said unpaid purchase money, which deed of trust, together with the deed from appellant Henry D. Lindsley to Chas. Tippie, the transcript shows was filed for record September 26, 1892; but it does not appear in what county nor in what office said instruments were filed for record. The testimony further shows that Lindsley was not a party to the contract for the erection of the building. There was testimony tending to show that before appellee built the house Lindsley stated to him that the lots belonged to Tippie, and misled appellee and caused him to believe that Tippie had the right to make such contract in reference to building a house upon the lots as would create in appellee's favor a lien upon the house and lots superior to any claim that Lindsley might have. In other words, the representations referred to tended to produce the impression that Lindsley had no claim whatever upon the lots. The case has been on appeal once before (Parks v. Tippie, 34 Southwestern Reporter, 676), and it was then held under the facts above stated that appellee was not required to record his contract in order to secure or preserve his lien.

The trial amendment filed by appellee, and of the filing of which appellant complains, merely stated the value of the lots and of the house separately, and as the court held that both were subject to appellee's lien, and as that holding was correct, it was not necessary that the amendment should have been filed, and the ruling of the court in permitting it to be filed, after the parties had announced ready for trial, was harmless error, if error at all.

What has just been said concerning the amendment, answers the assignment of error which complains of the action of the court in overruling appellant's application for a continuance. The continuance was asked to enable appellant to obtain testimony to meet the issues raised by the trial amendment. These issues being immaterial, the court did not err in overruling the application for continuance.

Appellant has no assignment of error, charging that the judgment is not supported by the testimony on the theory of estoppel, and as there is testimony tending to support that theory and the court filed no conclusions of fact finding against appellee on that issue, we must decide the case upon the theory that appellant concedes the evidence to be against him on that issue. Walker v. Cole, 89 Texas, 323.

Appellant does charge, in his seventh assignment of error, that he was not shown to be a party to the contract for building the house, but he does not charge that the testimony fails to show that he made such representations to appellee concerning the lots as will in law estop him from asserting a claim thereto superior to the title held by Tippie at the time appellee made his contract with Tippie. If the court below had filed conclusions of fact, and had not found upon the issue of estoppel, or had found against appellee upon that issue, the case would be different; but the appellant, being content to bring the case to this court without any findings of fact by the trial court, and not having charged in his assignments of errors that the judgment is not supported upon either issue presented by the appellee's pleadings and evidence, and there being testimony tending to support the allegations of estoppel, we must treat the judgment as sustained by the testimony.

Although held not to be liable to appellee upon the issue of debt, appellant was a proper party to the suit upon the question of appellee's right to foreclose his lien, and the court having decided in his favor and against appellant upon that issue, it was proper to adjudge the costs against both Tippie and appellant.

We have considered all the questions presented in appellant's brief, and finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.