EDA CLAYTON ET AL. V. BEN HAYWOOD ET AL.

Decided January 12, 1911.

**Marriage—Proof.**

Marriage having been proven by undisputed evidence of the formal cere-mony, publicly, before a clergyman, the county records having been burned, it is presumed that it was a legal one and upon license duly procured. An issue of fact as to its validity and the legitimacy of children thereafter born to the parties is not raised by mere proof of reputation that they were never married. Such evidence in disproof is competent only where the marriage is sought to be established by cohabitation and repute, not by evidence of a formal ceremony.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*P. M. Young,* for appellants.—Prima facie proof establishing mar-riage by direct testimony can not be rebutted by testimony of general reputation of the parties in the community, as husband and wife. Hill v. Hill, 32 Pa. St., 511; Northrop v. Knowles, 52 Conn., 522.

*Jones & Bibb* and *John W. Scott,* for appellees.—If defendants' wit-nesses were to be believed, Lymus Haywood was at that time the husband of Diana Hart, and therefore no marriage could have been consummated between Hettie Young and Lymus Haywood. Briscoa v. Bronaugh, 1 Texas, 340; Edrington v. Keiger, 4 Texas, 93; Sims v. Chance, 7 Texas, 569; Texas & P. Ry. Co. v. Raney, 86 Texas, 363; Railway Co. v. Freedman, 18 Texas Civ. App., 553; Joske v. Irvine, 91 Texas, 574.

LEVY, ASSOCIATE JUSTICE.—The suit is to try title and for parti-tion of a tract of land acquired by Lymus Haywood. Appellant Eda Clayton, who brought the suit, relies for title upon being the daughter of Haywood by his first wife, who was Hetty Young. Appellees claim that they are the only lawful children of Haywood, and by his wife Margaret Foreman, and that the relation of their father and Hetty Young was not matrimonial, but meretricious.

Lymus Haywood lived in Upshur County until either 1869 or 1870, when he moved to Harrison County, and resided on the land in suit until his death in 1891. There is evidence in the record going to show that he had matrimonial relations with Hetty Young and Diana Hart before leaving Upshur County, and with Margaret Foreman after going to Harrison County; and the priority of the first two marriages, if so, is an issuable fact. In order to properly determine the rights of the parties in the case proof of whether there was a marriage with Hetty Young became necessary, and the validity of the marriage was another material question for decision. If there was a marriage in fact with Hetty Young, then its validity is further dependent upon the finding, among others, by the jury of its priority with the marriage, if there was one, with Diana Hart. Therefore the validity of the several mar-riages mentioned is dependent upon further findings that the jury should say about, and which they did not say about, and is aside from the question presented on this appeal.

The appellant for error contends that the court erred in not granting a new trial, because the verdict is contrary to and unsupported by the evidence. The court submitted the following special issue, among others, to the jury: "Q. 1. Were Lymus Haywood and Hetty Young married to each other? If so, when and where? If you say they were not married, you will not answer further questions; and if you say they were, then answer the further questions." The jury answered, "No," and, as directed, did not answer further. To prove lawful heirship the appellant relied solely upon direct evidence of a formal ceremonial solemnization of marriage between Lymus Haywood and Hetty Young. It consisted of the testimony of witnesses who were acquainted with Haywood and Hetty Young, and who were present at the time of their marriage in Upshur County and saw the ceremony performed. The witnesses thus offered stated where, when and at whose house it occurred, and that there were others present beside themselves, and that a regular minister officiated and performed the ceremony, and that they each knew the minister. And the witnesses further testified that the contracting parties, to their actual knowledge, lived as husband and wife after the ceremony and before Lymus Haywood went to Harrison County, and that appellant Eda Clayton was born in the next year after the ceremony. The non-production of any record proof is accounted for by proof of the subsequent burning of the courthouse at Gilmer. In rebuttal appellees relied upon evidence going to show that by general repute Haywood at the time was living in marriage with Diana Hart, and that Haywood and Hetty Young were not reputed to be married. The several witnesses testifying that Haywood and Hetty Young were not reputed to be married do not undertake to say that it was untrue that a ceremonial marriage occurred. Neither do they undertake to say that they were living together at all in any status, married or not. One of the witnesses never knew that Hetty had a child and that appellant Eda Clayton was the child. The force of their testimony is merely that they never knew or. heard of Haywood and Hetty Young being married, and never knew her by any other name than Hetty Young. Appellant, as seen, did not rely upon proof of what is termed a "common law marriage"; she relied upon proof of a valid marriage of her father and mother, celebrated and solemnized in the regular manner. It is true that it was not shown that a marriage license was ever issued by the proper authority. But proof was made that the courthouse of the county was burned subsequent to the ceremony, and it was not shown that no license was issued. It appears that forty years elapsed since the marriage ceremony was performed. It is a general rule that when marriage in fact is established by proof of a marriage ceremony, in the absence of countervailing proof, it will be presumed that all the proceedings necessary to its validity were regular and valid. And where, as here, the appellant has established the fact that a celebration of the marriage of her father and mother had taken place publicly before assembled witnesses, and by a regular minister, and that the courthouse of the county had subsequently been destroyed by fire, the presumption of the law would obtain that the proper pre-

liminaries, as obtaining a license, had been complied with, and that it was a valid marriage, and the burden of proving the contrary was on the appellees. In other words, considering only the facts proved by appellant it sufficiently appears that a legal marriage was celebrated, and that no other form of marriage was relied on to establish her right of heirship. Is the evidence of repute that they were not married, unsupported by other circumstances, sufficient to disprove that a ceremonial marriage did occur? The case of Northrop v. Knowles, 52 Conn., 522, 52 Am. Rep., 613, is authority for the ruling that where a formal marriage is proved evidence simply that the parties were reputed in the locality to be unmarried is insufficient as a matter of law to disprove the marriage. The opinion there says: "But it may be asked, has reputation no office as tending to disprove marriage? Not where an actual, ceremonial marriage is relied upon, as in this case. But where marriage is attempted to be established by reputation we think the defendant might be allowed to weaken the evidence by showing that the reputation was not general but was divided, but even in such case the authorities restrain the negative evidence within narrow limits." The remarks of the court sufficiently make the distinction and point clear, that where the only evidence relied on to prove marriage is evidence of cohabitation and repute, then reputation inconsistent with the matrimonial character of the parties is sufficient to make an issue of fact. See 8 Ency. of Ev., p. 481. In Peet v. Peet, 52 Mich., 464, speaking to a marriage sought to be established by reputation, it was said: "Reputation is important as evidence to establish the fact of a marriage, but it can not disprove an actual marriage." If the rule were otherwise it would allow a mere presumption to have equal weight and force with a positive fact. A ceremonial marriage being shown, "the presumption," it is said, "in favor of marriage and legitimacy of children is one of the strongest known to the law." That Haywood had a spouse living at the time might be considered evidence tending to show that the marriage was not valid, but it is not sufficient to impeach the fact of a ceremonial marriage. 19 Am. & Eng. Ency. of Law, 1206; 8 Ency. of Ev., 464. It is otherwise when the proof relied on to establish marriage is cohabitation and repute. The evidence therefore established a marriage relation between Haywood and Hetty Young; and it was legal unless Haywood had at the time of its solemnization a lawful wife living. And the conclusion of the jury that there was no marriage relation in fact was erroneous and against the evidence. In the ruling it is with reference to the present record before us; and if on another trial there is evidence attacking the actual marriage, then the question would be one of fact for the jury. In the present record there is no evidence attacking the actual marriage.

The judgment was ordered reversed and the cause remanded for a new trial.

*Reversed and remanded.*