LOWMILLER et al. v. HEASLEY et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1912. Rehearing Denied Feb. 10, 1912.)

1. PLEADING (§ 403*)—CURE BY PLEADING OF ADVERSE PARTY.

In an action for conversion, where the petition alleged that plaintiffs were husband and wife, and that the defendants, under a mortgage executed by the husband, sold the separate property of the wife, an answer, alleging that the wife consented to the execution of the mortgage and aided in securing it, and was therefore estopped to claim the property, was a sufficient pleading of equitable estoppel, though the mortgage and its foreclosure was

not described with sufficient particularity; the petition supplementing the answer in that respect.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1343–1347; Dec. Dig. § 403.*]

2. **APPEAL AND ERROR** (§ 931*)—**REVIEW—FINDINGS OF FACT—ABSENCE.**

In the absence of findings of fact, the appellate court will impute to the trial court a finding on every issue of fact necessary to support the judgment, if such issues are supported by evidence, though not preponderating.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3762–3771; Dec. Dig. § 931.*]

3. **APPEAL AND ERROR** (§ 931*)—**REVIEW—FINDINGS OF FACT AND CONCLUSIONS OF LAW—ABSENCE.**

Where there were no findings of fact and conclusions of law, and the evidence showed that the judgment could have been sustained on issues, other than those presented by parts of the answer which were excepted to, it will on appeal be presumed that the judgment was based on findings upon issues not questioned by such exceptions; and consequently they will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3762–3771; Dec. Dig. § 931.*]

4. **APPEAL AND ERROR** (§ 1002*)—**REVIEW—VERDICTS—CONCLUSIVENESS.**

Evidence, though contradicted, will support a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

5. **CHATTEL MORTGAGES** (§ 176*)—**ACTIONS—BURDEN OF PROOF.**

In an action by husband and wife for conversion of property, alleged to have been the separate property of the wife, and to have been sold by defendant under a chattel mortgage executed by the husband, the burden of proving that the property sold was not included in the mortgage was on plaintiffs.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 337–339; Dec. Dig. § 176.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by Sallie R. Lowmiller and another against James F. Heasley and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

C. A. Wright, for appellants. Barrett & Jones, for appellees.

HALL, J. Mrs. Sallie R. Lowmiller, joined by her husband, Jake Lowmiller,. appellants, filed this suit in the county court of Potter county against James F. Heasley, as constable, and against the remaining appellees, as sureties on his official bond and indemnitors and purchasers of the property, to recover damages for the conversion of eight milch cows which she alleged to be her individual and separate property, and which were unlawfully seized and sold by the said constable and purchased by certain other appellees.

[1] Appellants' first assignment of error is that the court erred in overruling their general demurrer to appellees' first amended answer. After a general denial, appellees alleged that at the time of the execution of said mortgage, and before and afterward, plaintiff in this case, Sallie R. Lowmiller, acquiesced in, consented to, and aided in, securing the mortgage in question, and aided and assisted in procuring the money which was loaned on same, and did various acts in ratifying said mortgage, and that she actively aided in many ways in securing same, and misled defendant Tom Williams in the premises, and that she is now estopped from setting up the facts alleged in her petition or from claiming any rights by virtue of her allegations with reference to her separate property; that she remained silent when it was her duty to speak, and with full knowledge of what was going on, and when hearing the conversations between her husband and the said Williams, and that she is thereby estopped; that at the time of the execution of the mortgage, to settle which and to satisfy which the said cattle were sold under execution, as alleged in plaintiffs' petition, the same being the cattle involved in this suit, the said Sallie R. Lowmiller was present, and talked the matter over with her husband and Tom Williams in her house; that she was anxious for the money, was willing to have the mortgage executed, and tried to get the said Williams to let them have more money, also stating that they were out of feed, and that they owed some on the cattle in question, and talked the matter over fully, and was present and consented and aided in getting said money and in arranging for the execution of the mortgage, and agreed on the amount. All this before the execution of said mortgage, and that many times thereafter, when said Williams would go out to said plaintiffs' house to collect, that said plaintiff Mrs. Lowmiller would tell said Williams that they would pay soon, and were not making much off of their cattle at that time, but would be able to pay soon; that she never mentioned such a thing as this being her separate property until months after the mortgage, and then only when talk was had of foreclosure; that by reason thereof plaintiff is estopped to set-up any rights herein; that the sale was had under regular foreclosure proceedings, judgment, advertising, and sale, and the money received at said sale was applied on the judgment referred to in plaintiffs' petition. We think the answer is sufficient as a plea of estoppel against the general demurrer. Appellants insist, under the first assignment, that the plea should have alleged what mortgage was meant, by whom executed, when and to whom same was executed, or what was conveyed by the same; also as to whether any suit had ever been filed thereon or judgment entered foreclosing the same, giving the names of the parties to said mort-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

gage, that said sale was had by the terms of said mortgage, etc.

It appears in plaintiffs' pleadings that E. E. Finklea, one of appellees, recovered judgment against appellant Jake Lowmiller for $221, "and for the foreclosure of a certain mortgage lien, executed by said Jake Lowmiller unto said Finklea, upon certain cows described in said judgment; said judgment being taken in said county court of Potter county, Texas, styled E. E. Finklea v. Jake Lowmiller, No. 986, as shown by the County Court Civil Minutes, volume 3, of that date, to which reference is here made for a better description." Appellants having mentioned said mortgage, it was not necessary for appellees to make any specific allegations with reference to it, in order that appellants might be apprised of what appellees expected to prove with reference to its execution. The facts and circumstances attending the execution of the mortgage and occurring subsequent thereto, and which appellees contended constituted an estoppel and ratification on the part of Mrs. Lowmiller, were the defenses which were sought to be interposed, and not the mortgage itself. Neither was there any attempt to set up the judgment foreclosing the mortgage as res judicata against appellant Mrs. Lowmiller. We are cited in appellants' brief to the case of Phillipowski v. Spencer, 63 Tex. 604, and other authorities, as sustaining their contention. Reference to the authorities cited shows that the plea is insufficient as one of res judicata; but they have no application to this case.

The general rule is that particular acts, representations, and conduct, relied on to constitute an equitable estoppel, must be pleaded with reasonable certainty. Texas Bank, etc., Co. v. Hutchins, 53 Tex. 61, 37 Am. Rep. 750. Reference to the special plea of defendants shows allegations of certain conduct, representations, requests, and participation in the execution of the mortgage which we take to be sufficiently specific to apprise appellants of what appellees expected to prove in the way of an estoppel; and reference to the statement of facts shows that no effort was made to prove any statements, acts, or conduct not admissible under the special plea. Therefore, in our opinion, the court committed no error in overruling appellants' special exception No. 1.

The second special exception is to that part of the pleading wherein appellees alleged that Mrs. Lowmiller was estopped by remaining silent. The third special exception is because appellees' pleading fails to show that the mortgage was given in protection of Mrs. Lowmiller's separate property, for necessaries, or with her consent.

[2] The court was not requested to file findings of fact and conclusions of law, and there are none in the record. There being no findings or conclusions, we are unable to determine upon what theory of the law or state of facts the trial judge rendered against appellants. He may have concluded that the defenses of estoppel or ratification had been established by the evidence; that the money borrowed was used for purchasing feed for Mrs. Lowmiller's separate property, or necessaries; or he may have disbelieved appellants' evidence entirely, and refused to consider the property as Mrs. Lowmiller's separate property. There is testimony which would warrant him in deciding against appellants upon more than one of the above theories.

[3] In the absence of findings of fact by the trial court, the appellate court will impute to the trial court such a finding on any issue of fact, if supported by the evidence, as will support the judgment; and if the judgment can be sustained on any part of the evidence it will not be disturbed, though the proof apparently preponderates against it. If findings and conclusions were in the record, showing that the court had rendered judgment, based upon that portion of the pleadings and evidence challenged by appellants' second and third exceptions quoted above, this court could consider assignments of error, based upon such action. There being no findings, it is our duty to presume that the judgment was based upon issues not questioned in such assignments, provided there is any testimony which would, upon any other theory, support the judgment. Munson v. Nolan, 45 S. W. 38; Andrews v. Key, 77 Tex. 35, 13 S. W. 640; Walker v. Cole, 89 Tex. 323, 34 S. W. 713; Ewing v. State, 81 Tex. 172, 16 S. W. 872.

[4] From the statement of facts and the testimony of the witness Williams, it is clear that there is sufficient evidence to support the plea of estoppel, and to prove such active participation by Mrs. Lowmiller in securing the loan and executing the mortgage as amounts to positive fraud. While it is true that Williams' testimony is flatly contradicted in its material parts by both appellants, we cannot entertain any assignments going to the sufficiency of the evidence to support the judgment, since it can be based upon the facts proved by Williams. The record shows that appellants filed the suit in forma pauperis, and their evidence upon the stand as to their financial condition was sufficient to warrant the trial court in believing that the affidavit was utterly false. The entire record is one reasonably calculated to impress the trial court with the insincerity of appellants' suit. It is shown on cross-examination of appellants that the husband had as much as $5,000 in the bank a few years ago, which in a manner unaccounted for disappeared, and the wife became the moneyed member of the family, while he was in abject poverty. According to her testimony she has been dispensing charity amongst her friends and relatives at a distance with a lavish hand, to the deprivation of bona fide creditors.

[5] They contend that the cattle in question were not the animals described in and covered by the mortgage; that the husband mortgaged cattle owned by him; and yet his only reply to the inquiry as to the whereabouts of the cattle which he mortgaged was that they were out in the pastures and down on the creek, and that he was not sure where they were. The ownership of and identity of the cattle were the most vital issues in the case, and the burden of proving these issues rested upon appellants. If the cows which had been levied upon and sold were not the ones mortgaged, this burden could have been easily discharged by establishing the existence of the others by the testimony of disinterested witnesses, before whom they could have been produced. A proper regard for the discharge of the husband's obligations would have required him to know the location of the mortgaged cattle, and would have prompted him to make profert of them, if they had any existence, or ever had, when he saw his wife's property about to be sacrificed for the debt.

We find no reversible error, and, considering the case as a whole, we think the ends of substantial justice have been reached by the trial court, and the judgment will therefore be affirmed.