WHITAKER et al. v. SHENAULT et al.
(No. 5367.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1914. On Motion for Rehearing, Jan. 13, 1915.)

1. APPEAL AND ERROR (§ 856*)—QUESTIONS REVIEWABLE—PRESUMPTIONS.

Where the court filed no findings of fact and conclusions of law, the judgment for a party relying on two grounds would not be disturbed unless unsupported on either ground.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3406–3424, 3429–3434; Dec. Dig. § 856.*]

2. HUSBAND AND WIFE (§ 264*)—SEPARATE PROPERTY OF HUSBAND—EVIDENCE.

Evidence held to show that real estate was the separate property of a husband, so that his children on his death would inherit it.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 558; Dec. Dig. § 264.*]

On Motion for Rehearing.

3. MARRIAGE (§ 13*)—"COMMON-LAW MARRIAGE"—EVIDENCE.

To constitute a "common-law marriage," the parties must unconditionally agree to live together as husband and wife during their lives, and live together and cohabit as such and so hold themselves out to the public, and the mere fact that they had a child born before a ceremonial marriage does not establish a prior common-law marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 4; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, First and Second Series, Common-Law Marriage.]

Appeal from District Court, Bexar County; W. F. Ezell, Judge.

Action by Emily Whitaker and others against Amanda Shenault and another. From a judgment for defendants, plaintiffs appeal. Affirmed, and motion for rehearing and for additional findings overruled.

James Raley, of San Antonio, for appellants. Joel A. Lipscomb, of San Antonio, for appellees.

CARL, J. This suit was brought by Emily Whitaker, John Chapman and Levina Chapman, and Louisa Marshall, appellants, against Amanda Shenault and Adeline Shenault, appellees, to establish the interest of plaintiffs in the north one-half of lot 5 in block 3, New City block 331, on Concho street in San Antonio, Bexar county, Tex., and to partition same. It is alleged that appellants and appellees are heirs at law of Sidney Shenault and are equal owners of the lot; the share of each being one-sixth. They claim as heirs of Sidney and Adeline Shenault. Appellees answered denying that appellants are heirs of Sidney Shenault or that parties hereto had a common ancestry, and further denying that Adeline Shenault, mother of plaintiffs, ever had any interest in or title to the property in question. Appellees also pleaded ten years' limitation, improvements made in good faith and payment of taxes for a period of about 30 years, and prayed, not only that the plaintiffs take nothing, but that they be quieted in their title to the lot. The trial was before the court, without a jury, and no findings of fact and conclusions of law are filed.

Before her marriage to Shenault, Adeline Shenault had four children—two boys and two girls—and they went by the name of "Chapman." They are the appellants in this cause, except Levina, who is the daughter of Charlie Chapman, the son who died. Appellees are the fruits of the marriage of Sidney Shenault and Adeline Shenault. Sidney Shenault survived his wife, Adeline, some six or eight years, and the property in question was conveyed to him by deed from F. Gilbeau, dated March 26, 1874. The case was tried May 26, 1914, 40 years and 2 months after the deed was made to Shenault. According to Louisa Marshall's testimony, Shenault married her mother about 38 years prior to the trial, or 2 years after the execution of the deed to Shenault. Emily Whitaker testified that Shenault and her mother married between the births of Amanda and Adeline; that Amanda was born prior to the marriage. The testimony of these witnesses agrees fairly well with that of Amanda to the effect that at the time of the trial she thought she was 38 years of age and Adeline 36. It is clear that the court could well have found that the property was acquired by Shenault about 2 years prior to his marriage to appellants' mother. The mother, Adeline Shenault, died about October 23, 1888. Amanda Shenault was 16 or 17 years of age at the time her father died, and Adeline is 2 years younger than she is. At the time of Sidney's death, appellees were living on the property, and they have continued to either live on it or rent it out ever since, and no claim was ever made by appellants to any interest in it until this suit was filed. During that time, appellees have paid taxes thereon, have asserted ownership thereto, and have made valuable improvements thereon. The taxes were not paid as they accrued, because the children were too young, but about three years before the trial they began paying up the taxes, and Amanda says that when she got the taxes paid up the suit was then filed.

There is evidence tending to show that

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

when Sidney Shenault bought the lot he gave a note of $300, which was not paid, however, until some years after Adeline died. She, it seems, did not think it necessary to pay the note for two very good reasons: First, because it would just leave something for the children to fuss over; and, second, she said she had nursed Callahan, the man who held the note, and he would not put her off. She would therefore have a home as long as she lived. After she died, Sidney got some barns, etc., to build (he was a carpenter), and thereby made some money and paid the place out.

[1] We have set out the evidence as fully as is done because there is more than one theory of the defense. One is that the lot was the separate property of Sidney Shenault, and another is that they (appellees) had held the property long enough to mature title by ten years' limitation. The court has filed no findings of fact and conclusions of law, and, if the evidence is sufficient to justify the holding of the court · upon any theory of the defense, the judgment should stand. And there was evidence on limitation, title, etc. Walker v. Cole, 89 Tex. 323, 327, 34 S. W. 713; Munson v. Nolan, 45 S. W. 38, 39. In Walker v. Cole, supra, Justice Denman says:

"There is a statement of facts in the record showing, as above stated, that plaintiff introduced evidence in support of each ground of recovery set up in his petition, but there is no finding of law or fact by the trial court in the record. Therefore it cannot be determined upon which ground of recovery set up in the plaintiffs' petition the trial court rendered judgment. The only assignment of error presented * * * is as follows: (Quoting assignment, which is lengthy, and which it is unnecessary to set out.) Neither subdivision of this assignment attempts to question the correctness of the judgment of the trial court if based upon the second ground of recovery set up in the petition, but they all attack it upon the supposition that it was based upon the first ground of recovery set up therein. The Court of Civil Appeals were of the opinion that the judgment of the trial court was justified by the evidence adduced in support of the second ground, and therefore held that it was unnecessary to consider said assignment."

The Supreme Court concludes:

"This conclusion of the Court of Civil Appeals, that they could not consider said assignment, was clearly correct, for if in their opinion there were two grounds upon either of which the court below might have rested its judgment, and the record did not show upon which it was really placed by the trial judge, they could not properly have disturbed same, when it was not shown by proper assignments of error that the judgment could not be supported on either ground."

[2] Our examination of the evidence convinces us that the court would have been amply justified in concluding that this lot was Sidney Shenault's separate property; and, that being true, his children, appellees herein, would inherit it at his death.

So viewing the case, the judgment is in all things affirmed.

## On Motion for Rehearing.

[3] There is absolutely no showing made that there was ever a common-law or slave marriage between Sidney Shenault and the mother of appellants. True, there is some testimony that they were living together at the time and before they married, but this would be totally insufficient to show a common-law marriage. They must not only unconditionally agree to live together as husband and wife the remainder of their lives, but must live together and cohabit as such and so hold themselves out to the public. The circumstance that they had a child born before they married does not establish the fact that they were married. But this case was tried before the court. This circumstance, as well as the further fact that these people were living together at the time they married, we assume, was duly considered by the court on the question of a slave or common-law marriage and determined against appellants. That is an end of the matter so far as this court is concerned.

· The motion for rehearing and for additional findings of fact are both overruled.