H. J. MURRELL & CO. v. EDWARDS et al.
(No. 823.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 16, 1915.)

1. ASSIGNMENTS ☞100 — ORDERS — REFUSAL TO PAY—SUBSISTING EQUITIES.

Where the drawer of an order to pay from funds collected by the drawee was indebted to the drawee and to the payee, but the debt to the drawee was prior to that to the payee, the order was subject to the debt to the drawee and to the drawee's equities against the drawer.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 177, 180; Dec. Dig. ☞100.]

2. BILLS AND NOTES ☞68—ORDERS—ACCEPTANCE.

The drawee of an order held not to have accepted the order by the words "the order shall have our attention" at an uncertain time.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 110–115; Dec. Dig. ☞68.]

3. APPEAL AND ERROR ☞927—PRESUMPTIONS—DISMISSAL—GROUNDS.

Although a plea that an action is prematurely brought is one in abatement and not in bar, and the suit, if dismissed on that ground, is erroneously dismissed, where there are other grounds for dismissal, in the absence of a record showing to the contrary it will be presumed that the dismissal was upon the valid grounds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3755, 4024; Dec. Dig. ☞927.]

Appeal from Deaf Smith County Court; Jas. A. Hughes, Judge.

Action by H. J. Murrell & Company against S. B. Edwards and another. From a judgment for defendants, the plaintiffs appeal. Affirmed.

Hoover & Dial, of Canadian, and Knight & Slayton, of Hereford, for appellants. W. H. Russell, of Hereford, for appellees.

HALL, J. Appellants instituted this suit to recover of S. B. Edwards and Geo. F. Caylor the sum of $157.46. Appellants alleged that about the 20th day of October, 1913, defendant Caylor executed and delivered to it a certain order on S. B. Edwards, in the above amount, which the said Edwards agreed and became liable to pay, but which he had subsequently refused to pay. By consent of parties the cause of action was dismissed as to all defendants except Edwards. He answered by general and special denial of appellants' allegations and pleaded specially that prior to October 20, 1913, Caylor was indebted to him in the sum of several thousand dollars, and for the purpose of securing the payment of such sum had signed and delivered to defendant a number of promissory notes and land contracts with the understanding and agreement that the defendant would collect the notes and close up the land deals and out of the proceeds arising therefrom pay himself the amount due from Caylor. It is further alleged that appellant was aware of these conditions at the time the order sued on was presented and at the time of the alleged acceptance, that there had not been a sufficient amount of said collateral collected to pay defendant, and that the suit was prematurely brought. Appellant filed a supplemental petition, denying the affirmative matters pleaded by defendant, and upon a trial before the court without a jury judgment was rendered in favor of Edwards that plaintiff take nothing by its suit.

The order from Caylor to Edwards is as follows:

"Hereford, Texas, 10/20/13.
"Edwards-McDonald Investment Co.: You will please pay to H. J. Murrell & Co., out of commissions due me when collected, one hundred fifty-seven and forty-six one-hundreths ($157.46) dollars.                    George F. Caylor."

The following day, appellants' attorneys notified Edwards-McDonald Investment Company of the execution of the above order and that it was given in settlement of a suit against Caylor in which garnishment proceedings had been served upon the Edwards-McDonald Investment Company. In said letter the following questions are asked:

"(1) Is the sum from you to Mr. Caylor due upon commissions owed by you to him? (2) Do you owe him sufficient to insure our payment after he has paid Dr. Caylor $300.00? If you do not, will you pay our order before that of Dr. Caylor?"

The letter also states that the garnishment proceedings were filed before the execution of Dr. Caylor's order and that appellants would not be willing for Dr. Caylor's debt to have precedence.

On the 24th of October another letter was written by appellants' attorneys, notifying Edwards that they desired an answer to their former letter before court convened on the following Monday, in which this language is used:

"If you can accept the order given by George Caylor and it secures us sufficiently, then there will be no need for you to file an answer in the garnishment proceedings and we are willing to pass the matter for one week in order to get fixed."

On the following day Edwards replied as follows:

"We have your favor of the 21st, in which you state that George F. Caylor had given you an order on us for $157.46. I am sure that Mr. Caylor will have sufficient funds coming to him when the deals are closed up to pay you this amount. Dr. Caylor's order was dated ahead of yours and we would not feel like paying this before his without his consent. If you can get his consent to let your order precede his it will be entirely satisfactory with us."

Appellants' attorneys immediately secured Dr. Caylor's consent that his order might be

postponed to the one given by George Caylor to appellants. On November 7th appellants' attorneys again wrote Edwards, using this language:

"In order that we may keep our record straight in this matter, we are asking you to favor us with a statement of your acceptance of this order and a statement as to the probable date when the commissions to George Caylor will be due."

To this letter Edwards replied as follows:

"Replying to your kind favor of the 7th will say that we have received your order on George F. Caylor and also your order from H. C. Caylor, permitting your order to take prestige over his. These orders will have our attention immediately upon the sale of notes which Mr. Caylor is interested in."

Following this letter, appellants' attorneys wrote Edwards several times with reference to the matter, urging a settlement and a reply to former letters, and nothing was heard from Edwards until July 14th, when he wrote as follows:

"I have your several letters and ask you to pardon my delay in answering. The fact is that I have had nothing definite to write. Since last fall we have had three of the deals which Caylor was interested in to fall down, and which will very materially affect the amount of his commission. We have been unable so far to sell any of our vendor's lien notes."

Later, on November 17, 1914, Edwards wrote appellants' attorneys that three of the trades in which Mr. Caylor was interested had not been consummated and that he would lose, on the securities taken from Caylor, several hundred dollars, regretting his inability to save appellants anything out of the commissions. This suit was then instituted, the above orders and correspondence introduced in evidence, together with the oral testimony of appellee Edwards, in substance as follows:

"About the time the order in question was given, George F. Caylor owed me about $3,000. Since I received the order I have collected about $1,000 on these notes. The notes were in our name, but George F. Caylor was interested in some commissions included in the notes. The $1,000 collected represents the amount of the commissions from the notes, which would have belonged to George F. Caylor if he had not been indebted to us. He still owes us about $2,000. $1,000 was collected after the alleged acceptance of the order in question. There has been enough collected from the commission notes belonging to George F. Caylor to have paid the order in question if George F. Caylor had not owed anything. These collections of George F. Caylor's commission were made by me in September, 1914. I have never paid any part of the order sued on."

[1, 2] The effect of the order dated 10/20/13 was to assign to appellants $157.46 out of any commissions which might be subsequently collected by Edwards for Geo. F. Caylor. This assignment, however, was subject to all the equities existing against the fund in favor of Edwards, and without a subsequent unconditional acceptance by him he had the right to reimburse himself for any amount due him from Caylor before he could be held to pay appellants anything. It appears from their letter of November 7, 1913, that no acceptance of the order had yet been made by Edwards, because in this letter they expressly ask for a statement of Edwards' acceptance. Edwards' reply is that the orders should have his attention immediately upon the sale of the notes. The rule is that when an acceptance is evidenced by separate writing its terms must be so clear as not to admit of doubt.

"Thus, where the drawer advised the drawee of the bill by letter, and the drawee replies that 'the bill shall have attention,' it was held that these words, taken by themselves, were not sufficiently positive and unequivocal to amount to actual acceptance, but that if it could be shown that such words were used for that purpose, and with that effect in dealings between the parties, then they might be regarded as an acceptance." 1 Parsons on Notes and Bills (2d Ed.) 286; 7 Cyc. 765 (2).

The record fails to show the dismissal of the garnishment proceedings against Edwards, neither is the issue of estoppel raised by the pleadings.

[3] Appellant insists that the court should have sustained its exceptions to appellee's plea, alleging that the suit had been prematurely filed. That the action has been prematurely brought is matter which should be pleaded in abatement rather than in bar; but if there was no acceptance of the order it is of no consequence whether the facts pleaded tending to show that the action was prematurely brought were or were not true. The trial judge filed no findings of fact or conclusions of law. In this state of the record, we do not know that he based his judgment upon the facts alleged by appellee showing that the suit had been prematurely brought, and in support of the judgment we must presume that the decree is based upon appellee's contention that the order had never been accepted by Edwards. Walker v. Cole, 89 Tex. 323, 34 S. W. 713; O'Fiel v. King, 23 S. W. 696.

The judgment must be affirmed.