### MONROE v. PROPHET et al.
### No. 5944.

Circuit Court af Appeals, Fifth Circuit.
May 28, 1931.

Geo. E. Holland, of Beaumont, Tex. (Geo. E. Holland, of Beaumont, Tex., Samuel Fine, of New York City, and Holland & Cousins, of Beaumont, Tex., on the brief), for appellant.

J. Llewellyn, of Liberty, Tex. (J. Llewellyn and E. B. Pickett, Jr., both of Liberty, Tex., on the brief), for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In 1889 Wesley Monroe acquired an undivided interest in a tract of land in Liberty county, Tex., in the partition of which in 1902 a described 213-acre tract was set aside to Wesley Monroe, who died in 1908. Thereafter it was discovered that that land contained oil. By his bill in equity in this case the appellant claimed that he was part owner of the last-mentioned tract and of the oil therein and which had been extracted therefrom, which claim was sought to be supported on the grounds that Wesley Monroe was appellant's father, that at the time an undivided interest in the first-mentioned tract was acquired by Wesley Monroe the relation of husband and wife existed between him and appellant's mother, whose maiden name was Georgiana Johnson, with a result that the interest acquired by Wesley Monroe was community property to one-half of which appellant's mother became entitled, and that appellant, the only child of his mother, who died in 1898, was entitled by inheritance to her one-half interest in the last-mentioned tract, and to a share of the one-half interest therein of Wesley Monroe, who left surviving him other children by another marriage. The answer to appellant's bill put in issue its allegations to the effect that Wesley Monroe was appellant's father, and the claims asserted by the bill were resisted on the grounds that appellant's mother was never the wife of Wesley Monroe either by the rule of the common law or under statutes of Texas, and that, if appellant in fact is a son of Wesley Monroe, he is an illegitimate child, and did not inherit any interest in said property from Wesley Monroe. Upon the conclusion of the evidence, much of which was testimony of witnesses given in the presence of the presiding judge, he announced the conclusions that the evidence showed to his satisfaction that appellant is the natural son of Wesley Monroe, but that the evidence failed to show a marriage relation between Wesley Monroe and appellant's mother; and a decree rejecting the above-mentioned claims of the appellant was rendered.

Wesley Monroe and appellant's mother were negroes. Prior to, and at the time of, appellant's birth, Wesley Monroe, Georgiana Johnson, and her parents, Ben Johnson and his wife, lived on the same farm, Ben Johnson, his wife and children occupying one house on that place, and Wesley Monroe (who was also called Monroe Wes) occupying a smaller house located a few feet from the other one. No evidence indicated that there was any semblance of the existence of the marital relation between Wesley Monroe and Georgiana Johnson prior to the discovery by the latter's parents before appellant's birth

that she was pregnant. As to whether after that discovery Wesley Monroe and appellant's mother did or did not cohabit as husband and wife, did or did not hold themselves out as man and wife, did or did not treat each other as such, and were or were not generally reputed to be married, the evidence was greatly conflicting. It is not open to question that there was evidence, including testimony given orally in open court, some of it by witnesses examined in behalf of the appellant, which tended to prove the following: After Georgiana's parents discovered that she was pregnant, they spoke to Wesley Monroe on the subject, and he acknowledged that he was responsible for her condition, and said he would take care of her and the child. · Thereafter he did contribute to the support of appellant's mother and appellant, but Wesley Monroe and appellant's mother were never married, never claimed to be man and wife, and were not reputed to be husband and wife by their relatives and acquaintances who were aware of their conduct towards each other. Georgiana did not adopt Wesley Monroe's name, but continued to be known only by the name Georgiana Johnson until she married another man. The appellant was called Ilder Johnson. When he was married in 1914, he obtained a license for the marriage of Ilder Johnson and Hattie Sexton. When he was married a second time in 1920, the license obtained was for a marriage between Ilder Johnson and Beulah Woodrow. He did not call himself, and was not known as, Ilder Johnson Monroe until after the discovery of oil in the land in question. While both Wesley Monroe and appellant's mother were living, each of them, without any divorce, married another person, and they held themselves out, and were reputed to be, the marital spouses of the persons with whom they contracted marriages.

The relation between Wesley Monroe and appellant's mother confessedly having been illicit in its inception, and there being no evidence that they were formally or ceremonially married, the conclusion that they became husband and wife by a common-law marriage could not properly be reached, unless it is supported either by direct evidence that they mutually agreed to be husband and wife during the remainder of their lives, and thereafter lived together as husband and wife, and so held themselves out to the public, or by evidence that they lived together as man and wife, recognizing and treating each other as such, and were generally reputed to be husband and wife in the society or neighborhood of which they were members. Clayton v. Haywood, 63 Tex. Civ. App. 571, 133 S. W. 1082; Schwingle v. Keifer (Tex. Civ. App.) 135 S. W. 194; Whitaker v. Shenault (Tex. Civ. App.) 172 S. W. 202; Edelstein v. Brown, 35 Tex. Civ. App. 625, 80 S. W. 1027; Maryland v. Baldwin, 112 U. S. 490, 5 S. Ct. 278, 28 L. Ed. 822; Travers v. Reinhardt, 205 U. S. 423, 27 S. Ct. 563, 51 L. Ed. 865; 38 C. J. 1316, 1318, 1341. A phase of the evidence, including testimony of witnesses examined in the presence of the presiding judge, distinctly negatived the conclusion that the relation of husband and wife existed at any time between Wesley Monroe and appellant's mother. This being so, though there was other evidence tending to prove the existence of the marital relation between Wesley Monroe and appellant's mother, the conclusion of the court below that the evidence failed to show the existence of that relation between them is not subject to be set aside, the record by no means indicating that the preponderance of the evidence was against that conclusion. From that conclusion it followed that the claims asserted by appellant's bill were not sustained.

The decree is affirmed.