JAMES N. HATHAWAY v. TEXAS BUILDING AND LOAN ASSOCIATION.

Decided June 1, 1898.

1. **Trial by Court—Absence of Findings—Assignment of Errors.**

The party appealing in a case tried by the judge and in which no conclusions of law and fact were filed should negative, by appropriate assignments of error, every theory upon which the judgment might have been based.

2. **Building and Loan Association—Usury—Assignment of Error.**

An assignment of error in appeal from a judgment recovered by a building and loan association that the court erred in holding that the contract between plaintiff and defendant was not usurious because recovery was allowed on a note of appellant's for $1800 given for only $1120 in value, does not raise the question whether the real consideration was a contract to build a house, or a loan of money; and since, if it were the former, the value of the consideration was immaterial, such assignment does not show the contract to have been usurious.

APPEAL from McLennan.     Tried below before Hon. MARSHALL SURRATT.

*E. E. Easterling* and *Robert H. Rogers,* for appellant.

*Frost, Neblett & Blanding* and *C. L. Jester,* for appellee.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit are thus stated in appellant's brief:

"James N. Hathaway sued the Texas Building and Loan Association, on the 16th day of July, 1897, for the recovery of $1180, being double the usurious interest alleged to have been paid to said association by said Hathaway on a contract with plaintiff, asked to have canceled and the cloud created thereby removed from the title of plaintiff to land affected by said contract, which is in form a building and mechanic's lien contract, but alleged to have been put in such form as a device to disguise and cover usury, but which in truth was a contract for the loan of money.

"The defendant answered that the contract was not for the loan of money, but for the building of a house, that it was not usurious, and that a balance of $90 was still due and unpaid thereon, for which it prayed judgment, with a foreclosure of its builder's lien on the property of plaintiff.

"The cause was tried on December 10, 1897, when defendant recovered judgment for the balance alleged to be due from plaintiff, with a foreclosure of its lien. From this judgment the plaintiff appeals."

The written instruments in evidence,—the building contract and the note,—if they speak the truth, disclose a contract between appellant and

his wife and the building and loan association, by which the latter agreed to build a house for the former for $585 cash and a note for $1800, payable in sixty monthly installments of $30 each.

Appellant offered testimony tending to show that the real transaction was a loan of $1200, and the written instruments referred to were a mere device to conceal a contract to pay usurious interest.

Appellee offered evidence tending to sustain the face of the papers and show a bona fide contract to build a house.

The only assignment of error presented by appellant reads as follows: "The court erred in holding that the contract between plaintiff and defendant was not usurious, it appearing from the undisputed evidence that the value of the contract to defendant was not more than $1200, which was all it ever advanced or paid out either to plaintiff or for his benefit on account of said contract; and that the value of said contract to plaintiff was only $1120, which on account of the acts of defendant's agent, Y. C. A. Rodgers, was all of said $1200 ever actually advanced to or expended for the benefit of the plaintiff, and the note defendant demanded of and took from plaintiff in consideration of said money was for $1800, payable in sixty monthly installments of $30 each."

This assignment is not submitted as a proposition, nor is there any proposition submitted under it, as required by the rules.

The case was tried by the judge, without the aid of a jury, and no conclusions of fact and law were demanded and none were filed.

When such is the condition of a record, the party appealing must negative, by appropriate assignments of error, every theory upon which the judgment might have been based. Walker v. Cole, 89 Texas, 323.

Now it may be conceded, as charged in the assignment of error, that appellee paid out only $1200; that the contract was worth only $1120 to appellant; and that appellee demanded and received from appellant a note for $1800, payable in sixty monthly installments of $30 each; and yet the contract may have been to build a house and not to lend money.

If the real transaction between the parties shows a bona fide contract to build a house, it is immaterial how much profit appellee may have made, because such profit would not represent interest on money loaned. Hence it would make no difference whether appellee paid out $1200 or only $100. And so as to the result to appellant. If he agreed to pay $2400 for the erection of a house that was worth but $1120 to him, he made an improvident bargain; but there was no usury in it, and it is binding upon him.

The assignment of error does not present the question whether or not the real transaction was a contract to build a house or a loan of money. It does not charge that the evidence shows it was not the former, or that it was the latter; but merely recites certain facts consistent with either, and charges that because of said facts, the court erred in holding that the contract was not usurious.

Counsel for appellee have objected to a consideration of this assign-

ment of error, because not followed by any proposition, and have specially challenged it as not raising the question whether the transaction was a loan of money or a contract to build a house. Believing that the latter objection is well taken, we do not pass upon that question. Railway v. Cooper, 85 Texas, 431.

The judgment will be affirmed.

*Affirmed.*