MICHAEL GUINAN v. CITY OF WACO.

Decided January 3, 1900.

**Citation—Name of Defendant.**

A citation which describes the parties to the suit as city of W., plaintiff, and ——, defendant, but which in the latter part of the writ requires the officer to deliver a true copy "to defendant, M. G.," sufficiently complies with the statutory requirement, that the writ state the names of all parties, and will support a judgment by default, where M. G. was the sole defendant.

ERROR from McLennan. Tried below before Hon. SAM R. SCOTT.

*A. W. Cunningham,* for plaintiff in error.

No briefs for defendant in error were on file.

COLLARD, ASSOCIATE JUSTICE.—On August 12, 1898, the city of Waco filed suit to foreclose tax lien on certain real estate for $142.32, for taxes due for 1894, 1895, and 1896. Citation issued August 18, 1898, to officer in McLennan County, where defendant was alleged to reside, and was served on defendant Michael Guinan.

Judgment was taken by default September 6, 1898, for $133, foreclosing the lien and ordering sale of the property. March 9, 1899, the plain-

tiff in error filed petition in error and error bond. It is contended that the court erred in rendering judgment by default against plaintiff in error, because the pretended citation served on him, by virtue of which the judgment was rendered by default, is not in fact a citation, in that it does not give the name of the parties to the suit, and does not state who is the defendant in the suit, as the law requires.

The statute requires citation to state the names of all the parties to a suit (Revised Statutes, article 1214), and if it be true that the citation in question did not state the name of the defendant, the judgment by default must be set aside. Heath v. Fraley, 50 Texas, 209; Little v. Marler, 8 Texas, 108; Dunn v. Hughes, 36 S. W. Rep., 1084. But we find that the citation in this case does state the name of the defendant. It requires the officer to summons Michael Guinan, in a suit "wherein the City of Waco is plaintiff and ——— is defendant," leaving the name of the defendant blank; but in the latter part of the writ it requires the officer to "deliver to defendant Michael Guinan, in person, a true copy of the citation."

This is a compliance with the statute. It can not be said that the citation does not state the name of the defendant. The petition in the cause to foreclose, a copy of which comes up with the record, shows that Michael Guinan is the defendant and is the only defendant in the suit. The citation states his name as defendant.

The judgment of the court below is affirmed.

*Affirmed.*