## AYCOCK v. THOMPSON.

(Court of Civil Appeals of Texas. Galveston. April 5, 1912.)

1. APPEAL AND ERROR (§ 931*) — REVIEW—PRESUMPTIONS.

Where the court does not file its findings of fact and conclusions of law, it is incumbent upon appellant to negative, by· appropriate assignments of error, every theory upon which the judgment might have been based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

2. HUSBAND AND WIFE (§ 264*)—COMMUNITY PROPERTY—EVIDENCE.

A deed to a married woman in her own name prima facie shows the title in the community.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 916; Dec. Dig. § 264.*]

3. HUSBAND AND WIFE (§ 256*)—COMMUNITY ESTATE—EQUITABLE TITLE TO PROPERTY.

A married woman possessing money as her separate estate purchased a dwelling house, title being taken in the name of her husband, and afterwards the husband and wife sold the property, and with the proceeds purchased land, taking title in the name of the wife; there being no recitals in the deed to show that the consideration paid was the wife's separate means, or that the property was conveyed to her in her separate right, or as her separate estate. *Held*, that the wife owned the equitable title to the land in her own separate right; and the land did not belong to the community.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 903; Dec. Dig. § 256.*]

4. EXECUTION (§ 271*) — BONA FIDE PURCHASER.

The rule that a purchaser of land from the owner of the legal title, who pays a valuable consideration, and who is without notice of equitable title in another, acquires a title superior to that of the equitable owner applies to a purchaser at execution sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 769–780; Dec. Dig. § 271.*]

5. EXECUTION (§ 271*)—BONA FIDE PURCHASER—CREDITING BID ON JUDGMENT.

An attorney for plaintiff, who purchases land at execution sale, and who, after paying the costs of officers, credits the amount of his bid on the judgment, is not a bona fide purchaser for value.

[Ed. Note.—For other cases, see Execution, Cent. Dig.. §§ 769–780; Dec. Dig. § 271.*]

6. APPEAL AND ERROR (§ 901*) — REVIEW — BURDEN OF SHOWING ERROR.

In° trespass to try title, where the evidence conclusively showed that the equitable title to the property was in defendant's wife, plaintiff, who seeks a reversal of a judgment in favor of defendant, but who makes no assignment of error negativing the theory that he was a purchaser with notice, on which theory the judgment might have been based, does not sustain the burden of showing that the judgment was erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3670; Dec. Dig. § 901.*]

7. VENDOR AND PURCHASER (§ 242*) — BONA FIDE PURCHASER—BURDEN OF PROOF—NOTICE.

In a purchaser's action to establish title to land as a bona fide purchaser for value, without notice, the burden of proving notice is upon the defendant.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. § 242.*]

8. APPEAL AND ERROR (§ °901*) — PRESUMPTIONS—BURDEN OF PROOF.

Where plaintiff on appeal has the duty of raising an issue by appropriate assignment of error, but fails to do so, it will be presumed that the judgment for defendant was correct, in so far as that issue is concerned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3670; Dec. Dig.·§ 901.*]

Appeal from District Court, Shelby County; L. B. Hightower, Judge.

Action by B. L. Aycock against Tom Thompson. Judgment for defendant, and plaintiff appeals. Affirmed.

H. B. Tucker and B. L. Aycock, both of Kountze, for appellant.

McMEANS, J. Action of trespass to try title to, and for possession of, a portion of lot No. 4, in block No. 15, in the town of Sour Lake, brought by appellant,· B. L.· Aycock, against appellee, Tom Thompson. Appellee answered by a plea of not guilty, and specially pleaded that the property in controversy was the separate property and estate of his wife, Gussie Thompson, and that the same was his and his wife's business homestead. The case was tried before the court, without a jury, and resulted in a judgment for appellee, from which appellant, Aycock, has appealed.

[1] As the court did not file its findings of fact and conclusions of law, it was incumbent upon appellant to negative, by appropriate assignments of error, every theory upon which the judgment might have been based. Walker v. Cole, 89 Tex. 323, 34 S. W. 713; Hathaway v. Texas Building Ass'n, 19 Tex. Civ. App. 240, 45 S. W. 1023.

The facts giving rise to this litigation are substantially these: The Wakefield Distilling Company, having a claim against Tom Thompson for debt, brought suit against him

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

thereon and recovered a judgment. In this proceeding, the Distilling Company was represented by the appellant, B. L. Aycock, an attorney at law. On the 4th day of March, 1910, an execution was issued on said judgment, and on April 19, 1910, the property in controversy was levied upon as the property of appellee. The property was finally sold under a writ of venditioni exponas on July 5, 1910, and at said sale it was purchased by appellant for the sum of $33. Of this sum, appellant paid $10.38 in cash to cover the "costs of the officers," and the balance was credited on the judgment. This is the substance of the evidence upon which appellant sought a recovery.

[2, 3] Appellee's defenses were based upon the following facts: Appellee's wife, Gussie Thompson, being possessed of $1,000, her separate estate, purchased therewith a dwelling house in the town of Kountze; but the deed to this property was taken in the name of appellee. Afterwards appellee and his wife sold the Kountze property, and with the proceeds purchased the lot in Sour Lake in controversy, taking the deed in the name of the wife. There were no recitals in the deed, however, to show that the consideration paid was out of her separate means, or that the property was conveyed to her in her separate right, or as her separate estate. After the purchase of the Sour Lake property, appellee and his wife removed to Sour Lake and lived in a dwelling house which they rented. There were two houses on the lot in controversy, in both of which appellee did business, carrying on in one a retail liquor business, and in the other he conducted a poolroom on the first floor and a rooming house in the second story, and was so engaged at the time of the levy of the execution on April 19, 1910, and was continuously so engaged up to the trial of the case. In January, 1910, appellee purchased 28 acres of land, situated in the country a short distance from the town of Sour Lake, and began to improve it. In the fall of 1910, two or three months after the sale of the town lot, pursuant to the levy of the writ of execution, appellee and his wife moved to the country place, and then and since have occupied it as their homestead. In the view we take as to a proper disposition of the case, it is unnecessary to pass upon the assignments of error which attack the judgment of the court below, on the grounds that the court erred in holding that the property in question was the business homestead of appellee.

The second assignment complains that the court erred in holding that the property was the separate estate of appellee's wife. The deed to Mrs. Thompson prima facie put the title in the community; but the undisputed facts, above stated, show Mrs. Thompson owned the equitable title in her own separate right. Parker v. Coop, 60 Tex. 112; French

v. Strumberg, 52 Tex. 109; Blum v. Rogers, 71 Tex. 669, 9 S. W. 595.

[4] It is now well settled that the purchaser of land from the owner of the legal title, who pays a valuable consideration therefor, and who, at the time of his purchase, has no notice of the equitable title in another, acquires a title superior to that of the owner of the equitable title, and this applies to a purchaser at execution sales, who pays a valuable consideration for his purchase.

[5] It is further well settled that the plaintiff in execution, who buys the land at execution sale and credits the amount of his bid on the judgment, or a purchaser, other than the plaintiff in execution, who, at the time of his purchase, has actual knowledge of an outstanding equitable title, is not a bona fide purchaser for value, and takes title subject to the outstanding equitable title.

It seems to us that the controlling question in this case is whether appellant, under the facts stated, was an innocent purchaser for value of the land in controversy. If he was not, then the judgment of the court below was correct, and the other assignments of error urged by appellant on this appeal become immaterial. It will be remembered that appellant, who was the attorney of the plaintiff in execution, credited the amount of his bid on the judgment, save the small sum of $10.38, which was paid in cash "to settle the costs of the officers." Had this purchase been made by the plaintiff in execution, he paying only such a sum in cash as to discharge the court costs, and crediting the balance of his bid on the judgment, we would feel no hesitancy in holding that he was not a purchaser for value; and we can see no good reason why the same rule should not be applied to the appellant, who credited the amount of his bid on the judgment, paying only so much thereof in cash as was necessary to cover the costs of court.

[6] But it is not necessary to base our judgment on this conclusion alone. In seeking a reversal of the judgment in this case, where the testimony conclusively shows that the equitable title to the property was in Mrs. Thompson, it was incumbent upon appellant to show, by an appropriate assignment of error, that the trial court could not have based its judgment against him upon the ground that he purchased with notice of Mrs. Thompson's title; or, in other words, that he was not an innocent purchaser. Certainly, if it was proved that at the time of his purchase he knew of her title, he would be held to have bought subject thereto; and, in the absence of an assignment negativing the theory that he was a purchaser with notice, which is a theory upon which the judgment might have been based, he has not discharged the burden resting upon him of showing that the judgment was erroneous.

[7, 8] We are not unmindful that upon the

trial the burden of proving such notice was upon the appellee. Whether or not· such proof was made, we do not know; but, if not, it was clearly the duty of appellant to raise that issue by an appropriate assignment of error, and, not having done so, the presumption will be indulged that the judgment was correct, in so far as that issue is concerned.

None of the assignments points out errors requiring a reversal; and the judgment of the court below is affirmed.

Affirmed.