MILLER v. TRICE.  (No. 8309.)

(Court of Civil Appeals of Texas. Dallas. Jan.
31, 1920. Rehearing Denied March
6, 1920.)

1. JUDGMENT ⬅101(1)—FAILURE OF PETITION
TO SHOW COURT IN WHICH FILED DID NOT
INVALIDATE DEFAULT JUDGMENT.

A petition entitled in district court of Dallas county, Tex., giving the names of the parties and addressed "To the Honorable the District Court of Dallas County, Texas, ——— Judicial District of Texas," was not insufficient as failing to show the court, where it was filed in the Fourteenth judicial district, and no effort was made to try it in any other court, and it did not appear that defendants were deceived or misled as to where the cause was to be tried, and default judgment based upon such petition is valid.

2. JUDGMENT ⬅111 — DEFAULT JUDGMENT
PRECLUDES INTERPOSITION OF DEFENSES ON
SUBSEQUENT MOTION FOR JUDGMENT NUNC
PRO TUNC.

Where defendants in an action on a note permitted judgment to be entered against them by default without making a defense against plaintiff's cause of action, they are precluded from interposing such defenses on motion to enter judgment nunc pro tunc.

3. JUDGMENT ⬅131 — MOTION FOR ENTRY
NUNC PRO TUNC LESS THAN FOUR YEARS AFTER RENDITION NOT TOO LATE.

A motion made in March, 1919, to enter nunc pro tunc a final judgment by default rendered November 2, 1915, was not too late.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. A. Trice against W. F. Miller and another. Judgment for plaintiff by default against defendants, and defendant Miller appeals. Affirmed.

Marcus M. Parks and W. H. Hall, both of Dallas, for appellant.
Carothers & Brown and L. C. Kemp, all of Houston, for appellee.

RAINEY, C. J.  This suit was instituted by appellee in the Fourteenth judicial district court of Dallas county, Tex., on January 15, 1915, against M. W. Howard, a nonresident, and W. F. Miller, upon two promissory notes, one for $6,000, and the other for $4,000, both drawing interest and executed by the defendants on the 28th day of February, 1914, and attachment was caused to be issued by plaintiff and levied on the property of M. W. Howard. Citation was duly issued to Howard and to Miller, and both were duly served, and on the 2d day of November, 1915, final judgment by default in said cause rendered, as shown by the record:

"On the 2d day of November, 1915, after due service on all parties in said cause, final judgment was rendered by the court in said cause as follows: 'November 2, 1915. Judgment final by default for plaintiff against the defendant Miller for the amount of the notes sued on, interest and attorney's fees, less credits appearing on said notes. Judgment final by default against defendant Howard foreclosing attachment lien as prayed.'"

No appearance by either defendant or answer was filed, in which condition said case remained until March 6, 1919. Plaintiff filed in said court a motion to enter judgment nunc pro tunc, and it was set down for hearing on March 29, 1919, and the defendant duly notified to appear and show cause why said motion should not be granted on said date. Said Miller appeared and answered said motion. Said motion was heard on March 29, 1919, and judgment was rendered entering said judgment as of November 2, 1915, and Miller appeals.

In Miller's answers to said motion a great many reasons were urged why said judgment originally should not have been rendered, but did not urge or offer any proof that the judgment that was really entered upon the minutes was not in fact the judgment which was actually rendered and ordered entered on the minutes on November 2, 1915.

Appellee filed no demurrer or exception to defendant's answer, but defendant's bill of exceptions shows that the court refused to permit the defendant Miller to make any kind or character of proof in support of any of the facts set up and alleged by the defendant in his answer.

[1] The first assignment of error is that the court erred in overruling defendant's general demurrer contained in his answer to plaintiff's motion for judgment nunc pro tunc, as the original petition does not in any wise show to what court it is addressed, nor does it show in what court filed, nor any court known at the time of filing, that it is not addressed to any court known to the laws of Texas entitling plaintiff to any relief sought by the said pretended or alleged original petition, and the court erred in treating it as a petition filed in the Fourteenth judicial district. The beginning of the original petition was as shown in the following:

"The State of Texas, County of Dallas. In District Court of Dallas County, Texas. J. A. Trice v. W. F. Miller et al. To the Honorable the District Court of Dallas County, Texas. ——— Judicial District of Texas."

The petition was filed in the Fourteenth judicial district court. The citation notified the defendants to appear in the Fourteenth district court, and the case was tried in that court. There is nothing to show that any effort was made to try it in any other court or that the defendants were in any way deceived or misled as to where said cause was being tried. There was no error in the court

taking jurisdiction of the petition and rendering judgment thereon. Smith v. Colquitt, 144 S. W. 690.

[2] In trying this case the only issue for determination was to make the record speak the truth, and there is no contention but that it does. When the defendants failed to appear originally, but permitted judgment by default to be entered against them, without making a defense against plaintiff's cause of action, they were shut out from interposing their defenses, if any they had, on the motion to enter judgment nunc pro tunc.

[3] The plea of limitation came too late; also that of negligence intervening between the time of taking judgment by default and the time of the filing of motion for entering judgment nunc pro tunc.

The rule announced by Mr. Chief Justice Phillips in Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, applies to the fact in this case, and it is evident the trial court had the Coleman Case before him and followed it.

There was no statement of facts filed by appellant, and from what the record discloses we find no error in the judgment; therefore it is affirmed.

Affirmed.