**YTURRIA TOWN & IMPROVEMENT CO., Inc., v. SCHUNIOR et al.    (No. 7657.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1926.)

1. **Appeal and error** ⟨⟩931(1)—Every fact necessary to support judgment will be presumed, in absence of request for findings or conclusions.

In absence of request for findings of fact or conclusions of law, it will be presumed not only that such facts as are embraced in final judgment are supported by testimony, but that every other fact necessary to support it was found and judgment rendered in absence of appropriate assignments negativing each theory must be approved.

2. **Evidence** ⟨⟩383(9)—Survey and plat of lots on town map held to support finding of sufficient description in case involving adverse possession.

Survey and plat of town lots on map in general use *held* to constitute a sufficient description to support trial court's finding thereon in case involving adverse possession.

3. **Adverse possession** ⟨⟩13—Adverse possession for approximately 19 years under alleged gift after making substantial improvements held to vest title.

Adverse possession of town lots under alleged gift from town improvement company from 1905 to December, 1924, after having made substantial improvements thereon, *held* to constitute complete limitations so as to vest title under the statute.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by the Yturria Town & Improvement Company, Inc., against Mrs. A. V. Schunior and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Rabel & Hornaday, of Harlingen, and Ed Yarbrough, of Edinburg, for appellant.

Cameron & Epperson, of Edinburg, for appellees.

COBBS, J. Appellant sued appellees to recover a certain tract of land in Hidalgo county, alleging title through Francisco Yturria, on March 18, 1905, and that about the 3d day of December, 1924, defendants unlawfully ejected appellant therefrom and unlawfully withhold possession thereof.

Defendants disclaimed title to all the land sued for except lots 1, 2, and 3 in block No. 7, and lots 11, 12, 13, 14, and 15 in block No. 19, of the town of Samfordyce. They plead not guilty, estoppel, and title by limitation of 3, 5, and 10 years. They also plead that said lots 1, 2, and 3 were given to defendants' father by the president of appellant, Yturria Town & Improvement Company, in order to get them to move on said lots and erect a building thereon.

Appellant filed a supplemental answer alleging common source of title through and under Francisco Yturria. The case was tried without a jury, and the court entered judgment in favor of appellees. The judgment is based upon findings of fact set out in the judgment as follows.

"On this the 25th day of January, A. D. 1926, the same being a day of the regular term of this court for the transaction of civil business, the above numbered and entitled cause came on to be heard, and, no jury having been demanded by either party, came the plaintiff and the defendants, in person and by their respective attorneys of record, and announced ready for trial; whereupon all the matters in controversy, as well of law as of fact, were submitted to the court, the evidence and arguments of counsel being heard and fully understood, and, it appearing to the court that the town of Samfordyce, Tex., was platted in the year 1904 by the plaintiff, Yturria Town & Improvement Company, and that lots in said town of Samfordyce were at various times sold by the said Yturria Town & Improvement Company in conformity with the descriptions shown by said plat; and it further appearing to the court that lots 1, 2, and 3 in block 7 of the said town of Samfordyce, Tex., as shown by the plat of said town of Samfordyce made by Yturria Town & Improvement Company on file in this case, were, by parol and for a valuable consideration, sold by plaintiff, Yturria Town & Improvement Company to Charles Schunior, who then went into possession of said lots and erected valuable and permanent improvements thereon, under whom the defendants herein claim their title to the said three lots, and that lots 11, 12, 13, 14, 15, and 16 in block 19 of the said town of Samfordyce, Tex., as shown by the plat of said town of Samfordyce made by plaintiff, Yturria Town & Improvement company, on file in this case, were sold by Yturria Town & Improvement Company, plaintiff, to E. M. Beebe, under whom the defendants herein claim their title to these said six lots, who then went into possession of said lots and erected valuable and permanent improvements thereon and that all of the aforesaid described lots were so conveyed by plaintiff, Yturria Town & Improvement Company, to the respective persons under whom defendants herein claim title during the latter part of 1904 or the first part of the year 1905; and it further appearing to the court that the defendants Mrs. A. V. Schunior and Geo. J. Schunior, and those under whom they claim title to the aforesaid lots, have had and held continuously the peaceable and adverse possession thereof since the latter part of the year 1904 or the first part of the year 1905; and it further appearing that all said lots form a part of the lands described in plaintiff's petition; and it further appearing to the court that the defendants Mrs. A. V. Schunior and Geo. J. Schunior have disclaimed as to the remainder of the property sued for herein by the plaintiff:

"It is therefore, ordered, adjudged, and decreed by the court that plaintiff take nothing by reason of its suit against these defendants,

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

except that portion of the lands sued for herein as to which the defendants have filed a disclaimer.

"It is further ordered, adjudged, and decreed by the court that the defendants Mrs. A. V. Schunior and Geo. J. Schunior, jointly and severally, do have and recover as against plaintiff, Yturria Town & Improvement Company, the title to all of lots 1, 2, and 3 in block 7 of the town of Samfordyce, Tex., and lots 11, 12, 13, 14, 15, and 16 in block 19 of the said town of Samfordyce, Tex., all as shown by the plat of said town of Samfordyce, Tex., made by plaintiff in the said year 1904.

"It is further ordered, adjudged, and decreed by the court that plaintiff, Yturria Town & Improvement Company, do have and recover as against the defendants and each of them all the lands sued for herein by plaintiff save and except the lots in the said town of Samfordyce, Tex., awarded to defendants in this decree.

"It is further ordered, adjudged, and decreed by the court that all costs of this proceeding be taxed against the plaintiff, Yturria Town & Improvement Company, for which execution may issue."

The findings of fact in said judgment are supported by the testimony embraced in the statement of facts filed herein.

[1] No findings of fact nor conclusions of law were requested, so it will be presumed that not only such facts as are embraced in the final judgment are supported by the testimony, but that every other fact necessary to support it, as found by the court. Hence the judgment rendered, in the absence of appropriate assignments negativing each theory on which it was based, must be approved. Walker v. Cole, 89 Tex. 323, 34 S. W. 713; Railway Co. v. Ryan (Tex. Civ. App.) 214 S. W. 642; Hathaway v. Ass'n, 19 Tex. Civ. App. 240, 45 S. W. 1023.

The facts show, as found by the court, that appellees had a superior title to the tracts of land claimed by them; consequently appellant's first proposition is overruled.

[2] The judgment of the court is supported in finding and holding that the lands were sufficiently described and could be identified. The lands were surveyed and platted on a map of Samfordyce, and the map was one that was in general use, and the description was sufficiently definite to meet every question of that kind. Possession was taken of said property under said sale and permanent improvements made thereon.

[3] Appellant's third and fourth assignments and propositions challenge the finding of the court on the question of title by limitation. The appellant gave the lands in controversy to the persons under whom appellees claim title. Appellant's president advised that they go and take possession and erect permanent improvements thereon, which was done, and said six lots cleared of brush and substantial improvements erected thereupon. In the latter part of 1904 or first of 1905, the grantees went into possession of the nine lots, and the appellant never set up any claim thereto nor rendered the same for taxation, nor paid any taxes thereon, and the only question raised is as to the sale of the Beebe lots—whether it was an oral sale, or one made in writing. The appellant has never been in possession of lots 1, 2, and 3 in block 7, nor lots 11, 12, 13, 14, 15, and 16 in block No. 19, since 1905. The trial court found that appellees and those under whom they hold have had and held adverse possession of the same continuously, claiming the same since the first part of the year 1905. The proof sustains the finding of the court, and the limitations are complete, vesting the title under the statute in appellees.

This is a fact case, and we see no error assigned that should cause a reversal; and the judgment is affirmed.