### STACK v. ELLIS.   (No. 7707.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1927.)

1. Judgment ⟨⇒17(7)—Unauthorized answer could not bind married woman nor her separate estate, where she was never properly cited.

Where married woman was never cited, as required by law, in suit seeking to make her primarily liable on note signed by husband, answer filed by attorneys who were not authorized to appear for her could not bind her nor her separate estate.

2. Judgment ⟨⇒252(3)—Judgment against married woman on husband's note held fundamentally erroneous, as without support in petition.

Judgment against married woman, making her primarily liable on note signed by husband, held fundamentally erroneous, where petition showed no facts making her liable.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit by Mrs. S. C. Ellis against Mrs. Eva Stack and another to recover on a note. Judgment for plaintiff, and defendant named alone appeals. Reversed and rendered.

Myrick, Coursey & Ammerman, of Harlingen, for appellant.
Carter & Stiernberg, of Harlingen, for appellee.

COBBS, J. This is a suit by the appellee, Mrs. S. C. Ellis, against appellant, Mrs. Eva Stack, and J. E. Stack, the latter not being a party to this appeal, to recover upon a certain promissory note set out in hæc verba in appellee's petition.

In said petition appellee alleges: (a) Her cause of action as being against the said "J. E. Stack and his wife, Mrs. Eva Stack," appellant herein; (b) the execution and delivery to appellee by the said J. E. Stack of the note in said petition described, said note purporting to have been signed by the said J. E. Stack alone; (c) that, before and after the execution and delivery of said note, the said J. E. Stack and appellant represented to appellee that the consideration for said note was for the "joint and several use" of both the said J. E. Stack and appellant, and that both promised to pay the same, and that appellant would sign said note; (d) that said consideration for said note was for the "joint and several use" of both the said J. E. Stack and appellant, and that plaintiff would not have parted with her said consideration but for her reliance on the promise of the said J. E. Stack and appellant that appellant would sign said note; (e) the refusal of both the said J. E. Stack and appellant to pay said note.

On April 20, 1926, the same being the appearance day of the term of court to which the citations theretofore issued were returnable, appellant's attorneys here, Myrick, Coursey & Ammerman, of Harlingen, Tex., filed appellant's original answer. As to whether said attorneys were authorized by appellant to file this answer for her or not, the issue was sharply drawn thereafter in the hearing upon appellant's motion for a new trial and in arrest of judgment. The cause was taken up and disposed of by the court three days later, on April 23, 1926, in the ab-

sence of appellant and of appellant's counsel, and the court rendered judgment against both the said J. E. Stack and appellant, jointly and severally, for the amount sued for in appellee's petition.

On May 11, 1926, appellant, through her aforesaid attorneys, filed a motion for new trial and in arrest of judgment; and thereafter, on June 10, 1926, said motion for new trial and in arrest of judgment being in process of being heard by the court appellant, with leave of the court, filed a trial amendment to her motion for a new trial and in arrest of judgment.

Evidence was adduced in support of the allegations contained in the aforesaid motions, and the court, after hearing the same, in all things overruled said motions, as originally made and as amended, to which action, and from which judgment of the court, the appellant, Mrs. Eva Stack, then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, and was granted 80 days from June 12, 1926, within which to file bills of exception and statements of fact.

On June 12, 1926, appellant filed with the clerk of the district court of Cameron county, Tex., her statement of the facts adduced upon the hearing of her motion and amended motion for a new trial and in arrest of judgment, as well as her assignment of error, there numbered 1, but changed in her brief to her assignment of error number 2; such filing having been before the term of court expired by operation of law.

Thereafter, to wit, on July 1, 1926, appellant perfected her appeal by filing with the district clerk of Cameron county, Tex., her supersedeas bond for the amount, and conditioned as is required by law, which bond was, on said date, duly approved and filed by the clerk. And thereafter, on July 21, 1926, appellant filed with the clerk of the district court of Cameron county, Tex., her assignment of error, numbered 2, but changed in her brief to her assignment of error number 1. Appellee has filed no brief in the case.

There is no allegation made or proof shown that entitled appellee to any judgment against appellant; a married woman under coverture, at the time of the alleged obligation and filing of the suit, and nothing shown to justify a judgment that could legally bind her separate estate.

[1] The petition sufficiently shows her coverture, and that a personal judgment is sought against her in connection with a judgment against her husband. Such a judgment on its face shows fundamental error. She was never cited as the law requires, and it makes no difference if an answer was filed for her by attorneys who thought they were authorized to do so, but were not. Such an answer was futile to bind her or her separate estate. The question affecting the liability of a married woman, similar to the one here, was discussed by us in Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 636.

[2] A judgment against a married woman, based upon a petition that shows no facts to make her primarily liable, is fundamentally erroneous. Fisk v. Warren (Tex. Civ. App.) 248 S. W. 407. The authorities cited by appellant, not necessary to insert here, fully support the contention of the invalidity of the judgment.

No appeal was taken from the judgment by J. E. Stack, the appeal being taken only by Mrs. Eva Stack.

For the reasons given, the judgment against Mrs. Eva Stack is reversed and here rendered in her favor.