## SIMPSON v. GRISSOM.

### No. 860.

Court of Civil Appeals of Texas. Eastland.
April 24, 1931.

Rehearing Denied May 29, 1931.

Turner, Seaberry & Springer, of Eastland, for appellant.

Grisham, Patterson & Grisham, of Eastland, and Clyde Grissom, of Haskell, for appellee.

FUNDERBURK, J.

J. E. Grissom brought suit against Mrs. Elizabeth Simpson to recover upon a promissory note for $11,550, interest and attorneys' fees, and to foreclose a deed of trust lien upon land situated in Haskell and Stonewall counties. At the time the note was not due, unless by reason of certain facts, plaintiff had the option to accelerate the due date and thus put the defendant in default. The defendant answered by general demurrer, general denial, and by way of cross-action pleaded that usurious interest had been exacted in the transaction in which the note was given, by reason of which the provision in the note for the payment of interest was void, and that $500 usurious interest had been paid, and a recovery of the statutory penalty in the sum of $1,000 sought. The prayer was as follows: "Wherefore, premises considered, defendant prays the court that she go hence without day and recover her costs. That in the event it should be determined by this court that the defendant is indebted to plaintiff in any sum whatever, then that she have judgment cancelling said note insofar as interest thereon is concerned, and that she have judgment against plaintiff for the sum of One Thousand ($1000.00) Dollars, being double the amount of the usurious interest exacted by plaintiff from this defendant, and for general and special relief."

After defendant filed her answer and cross-action, plaintiff took a nonsuit and thereafter answered the defendant's cross-action, among other things by special exceptions, praying judgment of the court as to whether the cause of action asserted in the cross-action was barred by the two-year statute of limitation. The court sustained the special exceptions, and, the defendant declining to amend, the cross-action was likewise dismissed. From the judgment of dismissal, the defendant below has appealed.

Appellant construes the action of the court in sustaining the special exceptions to raise two questions: (1) Was the cause of action asserted in appellant's cross-action to cancel the note and deed of trust barred by the two-year statute of limitation? and (2) Was the cause of action asserted in her cross-action for the recovery of a penalty barred by the two-year statute of limitation? Appellee contends that the cross-action asserted no cause of action for cancellation of the note and deed of trust, or any part thereof, and we believe that this is in accord with the proper interpretation of the pleadings. The

defendant's pleading tendered no issues as a basis for the adjudication by the court of any liability of the defendant upon the note sued on, or whether her land was subject to the lien at first asserted in plaintiff's petition. Such being the case, that subject-matter of the suit was withdrawn with plaintiff's nonsuit. Defendant only prayed cancellation of the interest upon the notes "in the event it should be determined by this court that the defendant is indebted to the plaintiff in any sum whatever." When, by plaintiff's action in withdrawing his suit, the court was no longer empowered to determine whether defendant was indebted to plaintiff, nothing was left for the prayer to operate upon. The only condition upon which the relief was prayed did not and could not then exist. We are therefore of opinion that the cross-action asserted a cause of action, if any at all, only for the statutory penalty.

 By the allegations of the cross-action the $500 claimed to constitute a payment of usurious interest was paid more than two years before the filing of the cross-action. On the face of the record there appears to be presented a case where a plea of limitation may be presented by special exception. Appellant insists that the pleadings disclosed that Mrs. Simpson was, at the time the payment was made, a married woman, and under the disability of coverture, by reason of which the pleading did not disclose that the claim was barred. We have concluded, however, that the pleadings cannot properly be construed as showing that Mrs. Simpson was under the disability of coverture at the time the alleged payment of usurious interest was made. As pointed out by appellee, the only reference as to whether or not appellant is a married woman is in the deed of trust shown as an exhibit to plaintiff's petition, in which appellant is referred to as a feme sole. The certificate of acknowledgment recites that appellant is a feme sole. The only reference to the fact that appellant was ever a married woman is in the third paragraph of her answer and cross-action, wherein she recites that "on January 10th, 1928, this defendant, together with her *former* husband, P. P. Simpson, secured a loan from plaintiff," and "that at the time of securing said loan this defendant, with her *former* husband, P. P. Simpson, made, executed and delivered unto the plaintiff their joint note," and "that, in addition to the payment of said $500.00 in cash, this defendant, together with her *former* husband, P. P. Simpson, executed their joint note," and "that said sum of $500.00 was paid by check drawn upon the Haskell National Bank of Haskell, Texas, and signed by the *former* husband of this defendant, to-wit, P. P. Simpson, who was acting for and on behalf of this defendant in said transaction." (Italics ours.)

 We think, without doubt, if the sufficiency of the pleading to state a cause of action had been dependent upon whether or not it alleged as a fact that, at the time in question, Mrs. Simpson was a married woman, we would be compelled to hold the pleading insufficient. Coverture being a defensive matter necessary to be specially pleaded where it does not affirmatively appear, we are of opinion that the special exceptions were properly sustained.

 There is another reason not urged which would indicate that appellant was in no event injured by the judgment of the court below. The cross-action, we think, was subject to general demurrer. The statute providing for the recovery of a penalty for usurious interest (R. S. 1925, art. 5073) by its own terms only applies where a greater rate than 10 per cent. "shall have been received or collected." The allegations of the cross-action show that the amount of the loan was $8,000, and the amount "received or collected" by plaintiff was $500. Regardless of the fact that a contract may provide for the payment of usurious interest, a right of action for the statutory penalty does not exist unless more than 10 per cent. has been actually "received or collected." Gunter v. Merchant (Tex. Com. App.) 213 S. W. 604.

Being of opinion that there was no error in the judgment of the trial court, and that it should be affirmed, it is accordingly so ordered.