**ARMSTRONG et al. v. VAUGHT.**

No. 1296.

Court of Civil Appeals of Texas. Eastland.

June 29, 1934.

Rehearing Denied Sept. 21, 1934.

Carl Rountree, of Lamesa, for plaintiffs in error.

W. H. Garrett, of Colorado, Tex., for defendant in error.

LESLIE, Justice.

Mrs. Dorcas Vaught instituted this suit against M. M. Myers, C. M. Armstrong, and Mack Hill on four past-due promissory notes for $100 each, interest, etc. The notes were payable to S. B. Vaught, and executed and delivered to him by M. M. Myers. The notes were part of the purchase price of, and secured by a lien on, a lot in New Hobbs, N. M. Plaintiff alleged that, subsequently to the delivery of the notes, Armstrong and Hill, for a consideration, "contracted and agreed to pay said four notes," etc.; that they assumed the notes in the purchase of the lot; that "plaintiff is the legal holder and owner of said four notes, and all rights thereto."

Suit was filed and citation issued June 27, 1933. Residences of Armstrong and Hill were alleged to be in Gaines county. Citation to them was by the sheriff of that county served therein on Hill on June 28, 1933, and on Armstrong June 30th. Citation was made return-able to the first regular term of the county court of Mitchell county, convening on July 3, 1933. On July 4th, appearance day, no answer being filed, and ten days' service before the first day of the term of court not being had, the cause was continued by the court, or operation of the law, to the following term to perfect service. The next regular term of the court convened September 4, 1933, and on the following day no answer being filed, the court in the regular order of business called the case, heard the pleadings and the evidence, and granted judgment by default for the amount in suit. On September 25, 1933, the defendants filed a motion for a new trial, which was overruled October 14, 1933. Armstrong and Hill appeal, but Myers accepts the judgment, which will remain undisturbed as to him. The various propositions will be disposed of seriatim.

There was no error, or irregularity in making citation returnable to the first day of the next term of the court (July 3, 1933), although full service of ten days' notice could not be had in time for trial at that term. The case was properly passed to the following regular term, when the defendants were compelled to plead at risk of default judgment. Articles 2036, 2286, R. S. 1925.

The transcript contains the original citation upon which the sheriff indorsed his return. This shows legal service of citation on Armstrong and Hill, out-county defendants. The return is exceptionally full, stating, along with other necessary facts, that the officer delivered "to each of the within named defendants in person a true copy of this citation, together with the accompanying certified copy of the plaintiff's petition," etc. The return in the case is an exact compliance with the statute, and there is no merit in the contention that the "original citation upon which the sheriff * * * made his return * * * contained neither a statement of the nature of the plaintiff's demand, nor a certified copy of the plaintiff's petition." The statute answers the contention. Article 2022, R. S. 1925, in part reads: " * * * It (the citation) shall state the date of the filing of the petition, its file number and the names of all the parties and the nature of the plaintiff's demand; *but the nature of plaintiff's demand need not be stated in cases where by law it is required to accompany a citation with a certified copy of plaintiff's petition.*" (Italics ours.)

Article 2023 reads: "Each defendant to be served without the county in which the suit is pending, shall have a certified copy of the plaintiff's petition accompany the citation."

These parties, being out-county defendants, were entitled to have a certified copy of the plaintiff's petition accompanying the citation served on them, and in that event under statute first quoted there was no necessity to set out the nature of the plaintiff's demand in the citation itself, which by recital referred to the copy of the accompanying petition, and made it a part of the same.

On the second phase of the contention, the return of the sheriff certifies that he delivered the "citation together with the accompanying certified copy of the plaintiff's petition," etc. This was sufficient and conclusive on that fact as it appears from this record. It was unnecessary that the original citation returned by the sheriff have a certified copy of the petition attached thereto, or accompanying it. The law does not so provide.

■ The question of a married woman undertaking to maintain this suit without the joinder of her husband, or a proper showing why he is not joined therein, is not presented. Throughout the petition, the plaintiff is spoken of as Mrs. Dorcas Vaught, but there are no allegations that she had a living husband at the time of the institution of the suit. There is neither a statement of facts nor findings of fact in the record. Presumptively she was a widow and had a right to prosecute the suit. The plaintiff in error does not negative this theory of the judgment by an appropriate assignment, and to overturn the judgment he should have negatived each theory upon which it might be based. Aycock v. Thompson (Tex. Civ. App.) 146 S. W. 641; Walker v. Cole, 89 Tex. 323, 34 S. W. 713. In the above respect, the petition differs from that in the case of Western Union Tel. Co. v. Owings (Tex. Civ. App.) 38 S.W.(2d) 831, rendering this authority inapplicable here.

■ Although the notes appear to have been secured by a lien on land in New Mexico, there is nothing irregular or erroneous in the plaintiff's election in this suit to merely take a personal judgment against the individuals.

Each proposition presented has been carefully considered, and, believing them to be without merit, they are overruled, and the judgment of the trial court is affirmed. It is so ordered.