**WHISENANT et ux. v. THOMPSON BROS. HARDWARE CO., Inc.**

**No. 1830.**

Court of Civil Appeals of Texas. Eastland.

Sept. 23, 1938.

Rehearing Denied Oct. 21, 1938.

Lyndsay D. Hawkins, of Breckenridge, for plaintiffs in error.

Floyd Jones, of Breckenridge, for defendant in error.

GRISSOM, Justice.

This is an appeal by writ of error by Lewis Whisenant and Mrs. Cora Whisenant from a judgment rendered against them in a suit instituted by Thompson Brothers Hardware Company, Inc. The suit was upon a promissory note signed by Lewis Whisenant and Mrs. Cora Whisenant. The note copied in the petition gives the address of the defendants in the same town and at the same street address. Citation was duly and properly issued directed to the proper officer of Smith County, commanding him to summon Lewis Whisenant and Mrs. Cora Whisenant. The sheriff's return · shows service upon Mrs. Cora Whisenant and Lewis Whisenant at Tyler on different dates. The judgment is for Thompson Brothers Hardware Company, Inc., and against Lewis Whisenant and Mrs. Cora Whisenant. The indorsement on the back of plaintiff's petition is "Thompson Brothers Hardware Co., Inc. vs. Lewis Whisenant, et ux." The same indorsement is found upon the backs of the citation and judgment. The defendants are likewise designated in the caption of the judgment.

Defendants contend the judgment should be reversed, first, because the petition on its face discloses she was a married woman when she signed the note and when the suit was filed. We do not

**318** ■ ▬▬▬▬▬▬

agree with this contention. The fact that a defendant is designated "Mrs." does not show that she is a married woman. Armstrong v. Vaught, Tex.Civ.App., 74 S.W.2d 459, 461; Simpson v. Grissom, Tex.Civ.App., 38 S.W.2d 1106, 1107.

Second, because (a) the petition alleged both defendants resided in Smith County; (b) because the note disclosed that the defendants, at the time the note was executed, lived at the same street address in Abilene; (c) because of the indorsements on the backs of the petition, citation and judgment, and the caption of the judgment. From all of which defendants conclude it is shown by plaintiff's petition, or at least by the record, that Mrs. Cora Whisenant is a married woman.

■ It is well established in a suit against a married woman that a petition, otherwise sufficient, which does not disclose her married status is sufficient to support a default judgment, and, if such defendant desires to avail herself of such status as a defense, it is incumbent upon her to plead coverture. Gamel v. City Nat. Bank, Tex.Com.App., 258 S.W. 1043; Leake v. Saunders et al., 126 Tex. 69, 84 S.W.2d 993; Womack v. First Nat. Bank, Tex.Civ.App., 81 S.W.2d 99; 25 Tex.Jur. 402. Conversely, it is likewise established that in a suit against a married woman, when the petition discloses the fact that she is married, it is not incumbent upon her to plead coverture. This is true for the reason that it is unnecessary for her to allege as a defense a fact alleged by plaintiff. It is also true that where the petition reveals the married status of a woman defendant it will not support a default judgment against her, unless the petition further alleges facts showing legal liability on the part of a married woman. Matthies v. Rannals, Tex.Civ.App., 91 S. W.2d 380; Snyder-Bell Grocery Co. v. Hamilton, Tex.Civ.App., 276 S.W. 752, 755; Trimble v. Miller, 24 Tex. 214; Menard v. Sydnor, 29 Tex. 257, 259; Covington v. Burleson, 28 Tex. 368, 371; Shannon v. Childers, Tex.Civ.App., 202 S.W. 1030, 1032; Poe v. Hall, Tex.Civ. App., 241 S.W. 708, 711; Hoffman v. Korp & Murray Tool Co., Tex.Civ.App., 251 S.W. 823, 824; Graham v. Carmany, Tex.Civ.App., 2 S.W.2d 467, 468; Perkins v. Compton, Tex.Civ.App., 61 S.W.2d 575, 577; Stack v. Ellis, Tex.Civ.App., 291 S.W. 919; Focke v. Sterling, 18 Tex. Civ.App. 8, 44 S.W. 611.

■ Plaintiff's petition does not allege that Mrs. Cora Whisenant is a married woman. If the petition did contain such an allegation and failed, as it does, to further allege facts which disclosed her liability as a married woman, it would be subject to a general demurrer, would not support a default judgment, and it would be the duty of this court to reverse the judgment. 25 Tex.Jur. sec. 36, p. 399 et seq. The precise question here is whether the case must be reversed because of the designation of a defendant as "et ux" in the indorsements on the backs of the petition, citation and judgment, and in the caption of the judgment. Such indorsements and caption are not deemed essential parts of such proceedings. 33 Tex.Jur. sec. 99, p. 531; Nelson v. Detroit & Security Trust Co., Tex.Com.App., 56 S.W.2d 860; Miller v. Trice, Tex.Civ.App., 219 S.W. 229; Wichita Mill & Elevator Co. v. State, 57 Tex. Civ.App. 165, 122 S.W. 427, 429, error refused; Pruitt v. State, 92 Tex. 434, 435, 49 S.W. 366. It is not evident that such designations of a defendant were placed thereon by the plaintiff, or at its direction, or by the trial court. This was a default judgment upon a liquidated demand, and, of course, the court heard no evidence. We know of no law requiring that plaintiff indorse on the back of his petition the names of the parties plaintiff and defendant. It is as reasonable to assume that for his convenience the clerk placed such indorsement on the back of the petition as to assume that it was so indorsed by the plaintiff, if such indorsement is to be considered material. The statute requires that upon the filing of the petition the clerk shall issue citation. We certainly cannot assume that the indorsement designating a defendant as "et ux" on the back of the citation was done by the plaintiff. The same is true with reference to the judgment. The portions of the record in which a defendant is so referred to constitute no part of plaintiff's pleadings. A fact stated therein is not confessed by a default. If such designation on the back of the citation constituted an essential part of the citation, then the citation would be insufficient to support the default judgment. Higgins v. Shepard, 48 Tex.Civ.App. 365, 107 S.W. 79; Temple Lumber Co. v. McDaniel, Tex.Civ.App., 24 S.W.2d 518. The mandatory requirement of the statute that the citation state the names of all parties

has no application to this indorsement. Art. 2022, R.S.1925; Guinan v. City of Waco, 22 Tex.Civ.App. 445, '54 S.W. 611.

We have concluded that since the petition does not allege Mrs. Cora Whisenant to be a married woman, it was incumbent upon her to plead coverture, and, since the defendants were duly cited but failed ·to appear and answer, that judgment by default was proper. Speer's Law of Marital Rights in Texas, (3d Ed.) sec. 531, p. 655, et seq. This is unquestionably correct if we are to look to plaintiff's pleadings alone to ascertain whether or not Mrs. Whisenant is shown to be married. The rule seems to be that coverture is a defensive matter necessary to be specially pleaded where it does not affirmatively appear from the. petition. Simpson v. Grissom, supra. Even if we are required to go further and look· at the entire record we think, under the circumstances here disclosed, said defendant's married status is not affirmatively disclosed. 25 Tex.Jur. sec. 79, p. 450.

The judgment is affirmed.